## Chartiers Railway Co. versus Hodgens.

| 77 | 187 |
|----|-----|
| f216 | ²308 |

1. In a suit by the C. railway company to recover subscriptions to their stock, the affidavit of defence averred that a railroad company had been chartered to make a road, one terminus to be Pittsburg the other Washington; that the railroad was sold under a mortgage, and the purchasers were chartered under the Act of April 8th 1861 as the C. railway company, and defendant subscribed to the stock of that company; the plaintiffs had completed their road, but to neither of the terminal points designated in the charter of the railroad company, and had abandoned the construction of the road towards Pittsburg, stopping eight miles short of it, and also 2000 feet distant from Washington. Held, primâ facie a good defence.

2. Under the Act of April 18th 1874, providing for writs of error where judgment is refused for want of a sufficient affidavit of defence, if the decision below is sustained, the writ of error is to be dismissed without prejudice, and the case retried as if no writ of error had been taken.

November 20th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Washington county :* No. 263 to October and November Term 1874.

This was an action of assumpsit, issued January 28th 1874, by the Chartiers Railway Company against Robert A. Hodgens.

The plaintiffs' claim was for a part of the subscription by the defendant to four shares of the capital stock of the plaintiff; the subscription being at the rate of $50 per share, of which $80 had been paid; the amount claimed was $120, with interest at the rate of one per cent per month for default of payment.

The subscription was in these words :—

"We whose names are hereunto subscribed do promise to pay to the Chartiers Railway Company the sum of $50 for each and every share of the capital stock of said company set opposite our respective names, in such proportions and at such times not exceeding $5 per share, in any period of thirty days, as shall be determined by the president and directors of said company."

The defendant filed an affidavit of defence, to wit :—

"The plaintiff was organized under the Act of 8th April 1861, as the purchaser of the property of the Chartiers Valley Railroad Company, a corporation created by an Act of 6th February 1853.

"The Chartiers Valley Railroad Company, by the terms of its charter, was entitled to all the privileges, and made subject to all the restrictions imposed by the general act, entitled, 'An Act Regulating Railroads,' approved the 9th February 1849.

"By reason of its organization, and by the provisions of the law under which it was organized, the plaintiff was invested with all the rights, powers, immunities, privileges and franchises, of the Chartiers Valley Railroad Company, and was subject to all the restrictions imposed upon it by law. By the provisions of the charter of the Chartiers Valley Railroad Company, the city of Pittsburg was designated as one terminus of its railroad, and the borough of Washington, in the county of Washington, as the other terminus thereof. At the date of the act incorporating the Chartiers Valley Railroad Company, to wit, 7th February 1853, the borough of Washington extended to West alley, as its western boundary, and no further.

"The defendant, by the terms and legal effect of the contract upon which the suit is founded, engaged to pay the sum therein mentioned only upon condition that the plaintiff would in good faith observe the provisions of the said several laws, and construct its road to the terminal points designated. The railroad company, while claiming to have completed its road, has not extended it to either of the terminal points aforesaid, but has terminated it on the north at the town of Mansfield, some eight miles distant

[Chartiers Railway Co. *v.* Hodgens.]

from the city of Pittsburg, and has finally abandoned the construction of its road in the direction of the said city; and on the south at the Cumberland road, on the farm of Catharine Shirls, two thousand feet, or thereabouts, distant from the terminus fixed by its charter, and contemplated and required by the contract between it and this defendant, and has there erected passenger and freight depots, engine-house, and other buildings necessary for the accommodation of its business; starts and stops all its trains, and receives and delivers all its freight at the said point, and so has continued to do since the opening of its road, and has definitively fixed and determined the same as the southern terminus of the same."

The plaintiff moved for judgment against the defendant for want of a sufficient affidavit of defence. The motion was refused and the plaintiff took a writ of error under the Act of April 18th 1874, Pamph. L. 64. They assigned these errors, that the court below erred

1. In deciding that the affidavit disclosed a good defence to the action.

2, 3. Refusing the motion to enter judgment for want of a sufficient affidavit of defence.

*J. Dalzell* (with whom were *J. H. Hampton* and *A. M. Todd*), for plaintiffs in error.—The contract in terms is absolute. If conditional at all, it can only be so by construction of law. Does the fact that the Chartiers Railway Company was incorporated "with power to construct a railroad from the city of Pittsburg, in the county of Allegheny, by way of Canonsburg to the borough of Washington, Washington county," make every subscription to its capital stock capable of enforcement only upon the company's building its road to Pittsburg at one terminus, and Washington borough at the other? The motive inducing a subscription to stock is totally different from the consideration of the contract: Irvin *v.* The Turnpike Company, 2 Penna. St. 466: Banet *v.* Alton and Sangamon Railroad Co., 13 Ill. 504. "A change in the location of a road to the prejudice of the subscriber's expectation of the benefits he should derive from the first location, does not exonerate him from payment of his stock:" Fry *v.* Lexington & Big Sandy Railroad, 2 Metcalf (Ky.) 314. A deviation from the original line is no defence to an action for subscriptions. An irregularity in the location of a railroad, furnishes no defence to the stockholders in an action to recover the instalments of the stock: Danbury Railroad Co. *v.* Wilson, 22 Conn. 455. The neglect of a railroad company *to make the whole road* named in the charter, will not exonerate a subscriber from paying calls: Troy Railroad *v.* Kerr, 17 Barb. 581. The violation of its charter by the corporation is not a de-

[Chartiers Railway Co. *v.* Hodgens.]

fence to a stockholder sued by them on his subscription: Little *v.* Obrien, 9 Mass. 423.

An alteration of a charter, to operate as a release of a stockholder, must be such as to effect a radical change in the business of the company: Angell & Ames on Corporations, §§ 536–7; Hart *v.* W. H. Railroad Co., 5 Hill 367; Mercer County *v.* Coovert, 6 W. & S. 71; Everhart *v.* West Chester & Phila. Railroad Co., 4 Casey 339.

*Hart* (with whom were *Braden & Miller*), for defendants in error.—The motive and consideration for the subscription having been changed the contract cannot be enforced: Commonwealth *v.* Pittsburg, 5 Wright 278; Plank Road Co. *v.* Arndt, 7 Casey 317. A contract between a corporation and a subscriber is to be governed by the same rules as apply to ordinary contracts: Custar *v.* Titusville Gas & Water Co., 13 P. F. Smith 381; Railroad Co. *v.* Byers, 8 Casey 22.

Mr. Justice WILLIAMS delivered the opinion of the court, February 1st 1875.

This case comes before us under the Act of 18th April 1874, Pamph. L. 64, the first section of which provides that in all actions now pending, or which may hereafter be brought, wherein, by Act of Assembly or rule of court, the plaintiff is entitled to ask for judgment for want of a sufficient affidavit of defence, and the court shall decide against his right to such judgment, plaintiff may except to such decision and take a writ of error to the Supreme Court.

The action was brought to recover the unpaid assessments on four shares of stock, subscribed by the defendant, together with the statutory penalty of one per centum per month on each instalment, from the time the same became due and payable under the calls made by the president and directors of the company. The defendant filed an affidavit of defence, setting out in substance that by the provisions of the company's charter, the city of Pittsburg was designated as one terminus of its railroad, and the borough of Washington, in the county of Washington, as the other terminus thereof; that the defendant by the terms and legal effect of the contract upon which the suit is founded, engaged to pay the sum therein mentioned, only upon condition that the plaintiff would in good faith observe the provisions of its charter, and construct its road to the terminal points designated; that the plaintiff, while claiming to have completed its road, has not extended it to either of the terminal points aforesaid, but has terminated it on the north at the town of Mansfield, some eight miles distant from the city of Pittsburg, and has finally abandoned the construction of its road in the direction of the said city; and on the south at the Cumberland road, on the farm of Catharine Shirls, two thousand feet, or

[Chartiers Railway Co. *v.* Hodgens.]

thereabouts, distant from the terminus fixed by its charter, and contemplated and required by the contract between it and this defendant, and has there erected passenger and freight depots, engine house and other buildings necessary for the accommodation of its business; starts and stops all its trains, and receives and delivers all its freight at the said point, and so has continued to do since the opening of its road, and has definitely fixed and determined the same as the southern terminus thereof.

Upon the filing of the affidavit the plaintiff moved for judgment for want of a sufficient affidavit of defence, and after argument the court refused the motion, to which the plaintiff excepted; and thereupon sued out this writ of error, and assigned as error the refusal of the court to enter judgment for the plaintiff in default of a sufficient affidavit of defence.

The case has been ably argued by the counsel on both sides, and while the question as to the sufficiency of the affidavit is not free from doubt, a majority of the court are of the opinion that the facts set forth therein constitute primâ facie a good and valid defence to the action, and that the court below was right in refusing to enter judgment for the plaintiff. Under the provisions of the Act the writ of error must, therefore, be dismissed without prejudice to the plaintiff's right to trial by jury and a second writ of error after final judgment. Where the decision of the court below in refusing to enter judgment for the plaintiff, in default of a sufficient affidavit of defence, is sustained, it is manifest that the act intends that the case shall go back and be tried precisely as it would have been if no writ of error had been taken, and therefore any discussion of the principles of law involved in the action would be out of place until the case comes here on a writ of error after verdict and judgment.

It is therefore ordered that the writ of error in this case be dismissed at the costs of the plaintiff, without prejudice, &c.

Justices SHARSWOOD and GORDON dissented.