# Donner v. Clark, Appellant.

*Negotiable instruments—Promissory notes—Defenses—Affidavit of defense—Sufficiency.*

In an action by the endorsee of a promissory note against the maker, an affidavit of defense is sufficient where it admits the execution and delivery of the note, but alleges that prior thereto, the plaintiff, the payee of the note, and the defendant agreed that the note should be given by defendant to the payee, a lumber company, as advance payment for lumber to be sold and delivered to defendant and that the note should thereupon be endorsed by the lumber company to plaintiff, to whom it was largely indebted, and who held a mortgage on the entire plant of the lumber company; that plaintiff agreed he would not interfere with the shipments of lumber to the defendant, but that in violation of his agreement he caused foreclosure proceedings to be brought on the mortgage against the lumber company, thereby preventing the lumber company from fulfilling its contract to deliver to defendant the lumber for which he had given the note.

Argued Jan. 13, 1916. Appeal, No. 289, Jan. T., 1915, by defendant, from order of C. P. No. 5, Philadelphia Co., March T., 1915, No. 3823, entering judgment for plaintiff for want of a sufficient affidavit of defense, in case of William H. Donner v. Harry E. Clark. Before

BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALL-
ING, JJ. Reversed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of
defense. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

The court made absolute plaintiff's rule for judgment
for want of a sufficient affidavit of defense. Defendant
appealed.

*Error assigned* was the order of the court.

*David H. Stone,* with him *D. Stuart Robinson,* for ap-
pellant.—The affidavit of defense shows that a contem-
poraneous agreement was the basis of the execution of
the note, which agreement has been violated: Gandy v.
Weckerly, 220 Pa. 285; Federal Nat. Bank v. Cross
Creek & Pittsburgh Coal Co., 220 Pa. 39; Keller v.
Cohen, 217 Pa. 522; Kessler v. Conner, 32 Pa. Superior
Ct. 145; Garman v. Gumbiner, 32 Pa. Superior Ct. 181.

*Thomas Ridgway,* for appellee.—The defense simply
states the failure of the full consideration which is not a
defense as against the endorsee: Peoples Nat. Bank of
Pensacola v. Hazard, 231 Pa. 552; Lancaster County
Nat. Bank v. Garber, 178 Pa. 91; Superior Bank v. Stad-
elman, 153 Pa. 634; Lowry Nat. Bank v. Hazard, 223 Pa.
520; Letzkus v. Butler, 69 Pa. 277; Patton v. Fox, 22
Pa. Superior Ct. 416; Gandy v. Weckerly, 220 Pa. 285;
Federal Nat. Bank v. Cross Creek & Pittsburgh Coal Co.,
220 Pa. 39; Keller v. Cohen, 217 Pa. 522; Kessler v.
Connor, 32 Pa. Superior Ct. 145; Garman v. Gumbiner,
32 Pa. Superior Ct. 181.

OPINION BY MR. CHIEF JUSTICE BROWN, May 8, 1916:

The execution and delivery of the note upon which
this action was brought are not denied by the defendant,

but he avers in his affidavit of defense that it was given in pursuance of an agreement by which the plaintiff was bound, and the violation of it by the latter has relieved the former from liability on the obligation. The averments in the affidavit of defense, which must be taken as true, are that, at the time the note was given to the Southern States Lumber Company, it was largely indebted to Donner, the plaintiff, who held a mortgage on all of its property as security for its indebtedness to him; that the said lumber company, being unable to pay the plaintiff, agreed with him that it would procure from the defendant, if possible, his note for $2,000.00 and $1,-000.00 in cash as advance payments for lumber to be sold and delivered to the defendant, upon his orders, Donner agreeing that he would not in any way interfere with the shipment of said lumber to the defendant; that, in pursuance of this agreement, the note in suit was executed and delivered to the lumber company, which endorsed it to the plaintiff; that, in violation of his agreement not to interfere with the shipment of lumber to the defendant, he caused foreclosure proceedings on his mortgage to be brought against the lumber company before the note in suit had matured, thereby preventing the lumber company from fulfilling its contract to deliver to the defendant the lumber for which he had given the note in suit. If these averments should be sustained by proper proof on a trial of the case, a jury might fairly find that appellee's foreclosure of his mortgage was a violation of his agreement not to interfere with the lumber company's delivery of the lumber to the appellant for which he had given it his note. In holding that the affidaivt of defense was insufficient, the learned president judge of the court below, in the course of his opinion making the rule for judgment absolute, said: "Defendant was not a party to the agreement made before the note was signed. The agreement not to interfere after the execution of the note could not affect its validity." In making this statement, the following distinct averment in the affidavit

of defense was inadvertently overlooked: "Fourth. The defendant further avers that the plaintiff in accepting the said note from the Southern States Lumber Company, did so under an agreement between the Southern States Lumber Company, himself and this defendant, made before the said note was made, that he, the plaintiff, would not interfere with the delivery of lumber by the said Southern States Lumber Company to the defendant under a contract made under the following circumstances." These circumstances are set out in the succeeding paragraph of the affidavit of defense, to the substance of which we have referred.

Judgment reversed and procedendo awarded.