## Eakins et al. v. Doty.

*Mortgages—Affidavit of defence—Collateral security—Failure of consideration.*

An affidavit of defence filed to a *scire facias sur* mortgage is sufficient to prevent judgment where it alleges that the defendant, the president of a corporation, gave the mortgage individually as collateral security to guarantee payment by the corporation of a certain sum of money to the plaintiffs, a committee representing its creditors; that the consideration for the giving of the mortgage was the agreement of the plaintiffs to grant an extension to the corporation for a certain length of time; and that, before the expiration of the time, the creditors of the corporation, including the plaintiffs, filed a bill in equity against the corporation and obtained the appointment of a receiver, thereby preventing the corporation from making the payments agreed upon.

Rule for judgment for want of sufficient affidavit of defence. C. P. Berks Co., Sept. T., 1921, No. 35.

*William Abbott Witman, Jr.*, and *John B. Stevens*, for plaintiffs and rule.
*C. H. Ruhl*, for defendant.

ENDLICH, P. J., Dec. 24, 1921.—This is a rule for judgment for want of a sufficient affidavit of defence in a *scire facias* upon a mortgage given by the defendant to the plaintiffs. The supplemental affidavit of defence (which is in question here) avers in substance that the defendant, at the time of the execution of the mortgage, was the president of the Doty & Scrimgeour Co., Inc.; that at a meeting of the creditors of the company, held prior to Oct. 20, 1919, it was agreed to give to said corporation an extension of its indebtedness for a period of one year from that date, upon condition that the company pay its creditors in four equal quarterly instalments on or about Oct. 29, 1920; that the plaintiffs in this suit were appointed by said creditors as a committee to carry out said agreement; that the debtor, the Doty & Scrimgeour Co., Inc., on Oct. 15, 1920, the date of the execution of the mortgage, had made two payments to its creditors, as provided in said agreement, in full, and had paid on account of the third instalment all but $8000; that on that date the plaintiffs and defendant agreed that the balance due on the third instalment should be paid on or before Oct. 29, 1920, and the payment of the

1 D. & C.

fourth instalment was extended to Jan. 29, 1921; that the plaintiffs, for their principals, the creditors of the company, then and there agreed to extend the payment of the fourth instalment due upon said agreement of Oct. 20, 1919, to Jan. 29, 1921, and further agreed that no proceedings should be taken against the company prior to said date which in any way would interfere with or prevent the company from carrying on its business of manufacturing paper in the City of Reading, or in any way interfere with its business or its assets so as to prevent the said company from complying with the terms of the agreement and paying the fourth instalment on the day specified; that it was in consideration and upon the faith and credit of the agreement so entered into between the plaintiffs and the company and the defendant in this case that the defendant consented to execute the mortgage in suit to the plaintiffs as collateral security for the payment of said unpaid third and fourth instalments of the claims of its creditors, and only because said agreement was entered into and said representations were made by the plaintiffs did she so execute the mortgage for the purposes aforesaid; that the company paid the balance due on the third instalment on or before Oct. 29, 1920, and was continuing to operate the plant; that on Dec. 17, 1920, the plaintiffs and their principals, to wit, creditors of the Doty & Scrimgeour Co., Inc., the plaintiffs being creditors also, held a meeting and selected another committee to represent them and displaced the plaintiffs in this case as their representatives, and the latter named committee and their principals, with full knowledge of the agreement which had been entered into between the former committee, the plaintiffs in this case, and the defendant, and without which the mortgage in suit would not have been executed by the defendant, did, in violation of said agreement, on Jan. 19, 1921, cause a bill in equity to be filed in this court to No. 1284, Equity Docket, 1921, for the appointment of a receiver to take charge of the assets, management and affairs of the company, in pursuance of which such receiver was appointed, and by a decree of this court was placed in charge of all its affairs and in possession of all its assets, the defendant and all other officers of the company being restrained and prohibited by said decree from operating the plant of said company and controlling or disposing of any of its assets, and restrained also from complying with the terms of the agreement of extension referred to above; that but for the interference with and dispossession of the officers of the company from its plant and the taking possession of all its assets, the company had paid the fourth instalment as agreed upon between it and the plaintiffs and the defendant, the said company having had sufficient available assets to pay the same; that because of the violation of the agreement hereinbefore recited, entered into between the plaintiffs, the company and the defendant, when the defendant executed the mortgage in suit, by reason of which the company was prevented from carrying out its agreement to guarantee the mortgage in suit, the defendant is not liable to pay the said mortgage, and the consideration of the same has wholly failed.

It can hardly be doubted at this day that the facts set forth in the supplemental affidavit of defence, if sufficiently proven on the trial before a jury, would constitute an available defence against the present enforcement of the mortgage in suit. It may, however, be proper to refer to the decisions in Donner *v.* Clark, 253 Pa. 514, and Marquis *v.* McKay, 216 Pa. 307, as peculiarly applicable in this case. The former, in an action by the endorsee of a promissory note against the maker, holds an affidavit of defence sufficient which admits the execution and delivery of the note, but alleges that, prior thereto, the plaintiff, the payee of the note, and the defendant agreed that the

Eakins et al. *v.* Doty.

note should be given by defendant to the payee, a lumber company, as advance payment for lumber to be sold and delivered to defendant, and that the note should thereupon be endorsed by the lumber company to plaintiff, to whom it was largely indebted, and who held a mortgage on the entire plant of the lumber company; that plaintiff agreed he would not interfere with the shipments of lumber to the defendant, but that, in violation of his agreement, he caused foreclosure proceedings to be brought on the mortgage against the lumber company, thereby preventing the lumber company from fulfilling its contract to deliver to defendant the lumber for which he had given the note. The other decision, Marquis *v.* McKay, was in an action upon a promissory note, in which the affidavit of defence averred that the note was given and accepted as a guarantee for the payment of certain money loaned by plaintiff to a corporation in which both plaintiff and defendants were alike interested financially; that the makers of the note were to be called on to pay only in the event that the corporation was unable, and then only such amount as was not recoverable from the corporation; that the corporation had assets more than sufficient to answer its liability; and that the plaintiff himself was debtor to the corporation in an amount exceeding the amount of the note in suit—the ruling being that the affidavit of defence was sufficient to prevent judgment, inasmuch as the true result in the case could only be reached by a broad and full inquiry into the facts averred.

It seems fairly clear from what has been said that the rule for judgment cannot be made absolute. The rule to show cause is discharged.

From Wellington M. Bertolet, Reading, Pa.