## Siner et al. *v.* Stearne et al., Appellants.

*Liability of collector for negligence of attorney.*

A collector who undertakes the collection of a claim is responsible for the negligence of the attorney employed by him, by which the claim is lost. Bradstreet v. Everson, 72 Pa. 124, and Morgan v. Tener, 83 Pa. 305, followed.

Defendants, carrying on business as "conveyancers and collectors," filed, on behalf of plaintiff, mechanics' lien claims, placing the name of an attorney upon the same. Subsequently an order was made upon plaintiffs to issue writs of scire facias. The attorney neglected to issue the writs, and the liens were lost. The question whether defendants were employed merely to file the claims or to collect them was disputed, and it was also disputed whether the attorney was employed by plaintiffs or by defendants. The whole case was submitted to the jury, with instructions that, if defendants were employed to collect the claim and if they employed the attorney to act under their instructions, they were liable. *Held*, not to be error.

Argued Jan. 5, 1893. Appeal, No. 6, July T., 1892, by defendants, Thaddeus Stearne et al., from judgment of C. P. No. 4, Phila. Co., Dec. T., 1890, No. 232, on verdict for plaintiffs, Charles B. Siner et al. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit to recover value of mechanics' liens alleged to have been lost by negligence of defendants.

At the trial, before THAYER, P. J., it appeared that defendants, who were collectors and conveyancers, filed for plaintiff certain mechanics' lien claims, placing upon them the name of an attorney, whose name had been placed upon other liens previously filed by them for plaintiffs. Subsequently a rule was entered upon plaintiffs to issue a scire facias, and personal service of the notice of this rule was made upon the attorney of record for plaintiffs. The attorney, however, neglected to issue the writs, and the liens were lost. The contractor was insolvent, and plaintiffs never recovered their claims. Defendants averred that they had been employed only to file the claims, and not to collect them. They also alleged that the attorney was employed by the direction of plaintiffs.

The court charged in part as follows:

" It is alleged by the plaintiffs in this case that this was the fault of the defendants, and that they lost their liens by the carelessness of the defendants. Whether the defendants were responsible for the neglect of the attorney to act, that is, to issue the writs of scire facias in pursuance of the order of the court or not, depends upon the facts which you shall find in this case. It depends, in other words, upon whether you shall find that the defendants were employed to *collect* this claim, whether they undertook to look after it and collect it and attend to it in all stages embraced in the meaning of the word ' collect,' or whether they were only employed to file the claim. It is insisted by the defendants that they were not employed to collect the claim, but only to file the claim.

[" If, on the other hand, they were employed to collect these claims, as is alleged and sworn to by the plaintiff, Mr. Siner, then they are responsible for the neglect of the attorney which occasioned the striking off of the claims, if the attorney was employed by them. Whether the attorney was employed by them or was employed by the plaintiffs is a fact for you to determine. If you find that the defendants undertook to collect these claims and that they employed the attorney, if the attorney was acting under their instructions, then they are responsible, in accordance with the decision of the Supreme Court of this state, which has been cited, for the negligence of the attorney.] [2]

" If they were employed to collect these liens, then it will be necessary for you to decide the other point, viz., whether the attorney, whose negligence apparently occasioned the striking off of the liens, was employed by them or by the plaintiffs, or whether he was employed by direction of the plaintiffs. If the plaintiffs directed the defendants to employ him, then they are not responsible."

Defendant's point was as follows:

" If the jury believe that the defendants employed a reputable and competent attorney to prosecute the lien claims then they are not responsible for the neglect of that attorney." Refused. [9]

Verdict and judgment for plaintiffs. Defendants appealed.

*Errors assigned* were, (1, 2) instructions, quoting them.

*N. Dubois Miller, John Sparhawk, Jr.,* with him, for appellant, cited Bellemire v. Bank, 4 Whart. 105; Merchants Nat. Bank v. Goodman, 109 Pa. 422; Allen v. Merchants Bank, 22 Wend. 215.

*Theodore F. Jenkins, William H. Peace,* with him, for appellees, cited: Morgan v. Tener, 83 Pa. 305; Bradstreet v. Everson, 72 Pa. 124; Riddle v. Poorman, 3 P. & W. 224.

PER CURIAM, January 16, 1893:

We think this case is ruled by Bradstreet v. Everson, 72 Pa. 124, and by Morgan v. Tener, 83 Pa. 305. The defendants, having undertaken the collection of plaintiffs' claims, are responsible for the neglect of the attorney employed by them by which the claims were lost. The question of defendants' negligence was fairly submitted to the jury, and their verdict is conclusive upon the question of fact.

Judgment affirmed.