## Morris, Appellants, *v.* First National Bank of Allegheny.

*Bills of exchange—Promissory notes—Collection—Ownership of draft—Agency—Negligence.*

Where a partnership draws a bill of exchange to the order of one of the partners, who indorses it individually "For deposit" in a bank, and the bank on the return of the draft unpaid charges it back to the partner's account, the partnership cannot maintain an action against a bank in a distant city, to which the draft had been sent by the first bank for collection, for negligence in failing to send prompt notice of nonpayment as required by instructions on the draft itself. In such a case a nonsuit is properly entered because (1) the apparent ownership of the draft was not in the firm but in the partner to whose order it was drawn ; (2) as between the first bank and the collecting bank the former was the owner of the draft; (3) there is no contractual relation between the depositor and the defendant, the latter being only liable as an agent to the bank which forwarded the draft.

Argued Oct. 28, 1901.   Appeal, No. 7, Oct. T., 1901, by plaintiffs, from order of C. P. No. 2, Allegheny Co., Jan. T., 1892, No. 282, refusing to take off nonsuit in case of Nelson Morris & Company v. First National Bank of Allegheny.   Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.   Affirmed.

Assumpsit to recover damages for loss sustained by reason of the failure of defendant to give prompt notice of the nonpayment of a draft.   Before Shafer, J.

At the trial it appeared that on October 1, 1891, the defendant received for collection a draft which was in the following words:

"No protest.   Telegraph day message if not paid.   Detach before presenting.

"Nelson Morris & Co.,
"Shippers of Dressed Beef,
"Union Stock Yards,
"Chicago, Ill.

"$800.00.                      Chicago, 9/29, 1891.

"At sight pay to the order of Nelson Morris, $800$\frac{00}{100}$, for car 5927, value received, and charge to account of

"Nelson Morris & Co.

"To S. W. Hill, Allegheny, Pa.,"

Indorsed upon the back thereof, "for deposit, Nelson Morris;" also "pay to the order of First National Bank for collection account of First National Bank, Chicago, Sept. 29, 1891. R. J. Street, Cashier."

Written on the face of the draft were the words "Chg to Nelson Morris acct."

The draft was not paid, but the defendant did not send a telegram to that effect until October 6.   There was no evidence of the ownership of the draft other than that which appeared upon its face.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court.

VOL. CCI—11

*William M. Benham,* for appellants.—A contractual relation existed between plaintiffs and the defendant bank: Central Georgia Bank v. Cleveland Nat. Bank, 59 Ga. 667 ; Exchange Nat. Bank v. Third Nat. Bank, 112 U. S. 289; 5 Sup. Ct. Rep. 141; Harvey v. Girard Nat. Bank, 119 Pa. 212; Allen v. Suydam, 20 Wendell 321 ; Wingate v. Mechanics' Bank, 10 Pa. 104; American Exchange Nat. Bank v. Metropolitan Nat. Bank, 71 Mo. App. 451; Carlinville Nat. Bank v. Wilson, 78 Ill. App. 339; Irwin v. Reeves, 48 N. E. Repr. 601 ; Mechanics' Bank v. Earp, 4 Rawle, 384; Bellemire v. Bank of U.S., 4 Wharton, 105.

An action in assumpsit was the proper action to bring in this case.

The defendant bank was liable for negligence in not carrying out the specific instructions of plaintiffs : Kraber v. Union Ins. Co., 129 Pa. 8 ; Fabens v. Mercantile Bank, 23 Pickering, 330; Mound City Paint & Color Co. v. Commercial Nat Bank, 9 Pac. Repr. 709 ; Nat. Bank v. City Bank, 103 U. S. 668.

The rule of damages in case of loss through the negligence of the collecting agent is the actual loss which has been sustained : Hazlett v. Commercial National Bank, 132 Pa. 118; Fifth National Bank v. Ashworth, 123 Pa. 212; Bartlett v. Isbell, 31 Conn. 296; Bank of Delaware County v. Broomhall, 38 Pa. 135; National Pahquioque Bank v. First National Bank, 36 Conn. 325; Allen v. Suydam, 20 Wendell, 326; Exchange Nat. Bank v. Third Nat. Bank, 112 U. S. 288; 5 Sup. Ct. Rep. 141; Warren Bank v. Suffolk Bank, 10 Cush. 582; Wingate v. Mechanics' Bank, 10 Pa. 104 ; Georgia Nat. Bank v. Henderson, 46 Ga. 487 ; Central Georgia Bank v. Cleveland Nat. Bank, 59 Ga. 667; Fabens v. Mercantile Bank, 23 Pick. 330 ; Fox v. Davenport Nat. Bank, 73 Ia. 649; 35 N. W. Repr. 688; Diamond Mill Co. v. Groesbeeck Nat. Bank, 29 S. W. Repr. 169; Ivory v. The State Bank, 76 Mo. 475 ; 1 Daniel on Negotiable Instruments, sec. 329 ; First National Bank v. Fourth National Bank, 77 N. Y. 328; Dern v. Kellogg, 54 Neb. 560; 74 N. W. Repr. 844.

*J. S. Ferguson,* with him *E. G. Ferguson,* for appellee.— Where a bank as a collecting agency receives a note for the purpose of collection, its position is that of an independent con-

tractor, and the instruments employed by such bank in the business contemplated are its agents, and not the subagents of the owner of the note : Riddle v. Hoffman, 3 P. W. 224; Bradstreet v. Everson, 72 Pa. 124; Siner v. Stearne, 155 Pa. 62; Morgan v. Tener, 83 Pa. 305; Montgomery County Bank v. Albany City Bank, 7 N. Y. 459; Commercial Bank v. Union Bank, 11 N. Y. 203; Hoover v. Wise, 91 U. S. 308.

Where the check or draft deposited is indorsed "For deposit," the title is held to pass to the bank which has taken it, and in good faith credited the same to the depositor as cash: Ditch v. West. Nat. Bank, 79 Md. 192; 29 Atl. Repr. 72; Security Bank v. North Western Fuel Co., 58 Minn. 141; 59 N. W. Repr. 987; American Exchange Nat. Bank v. Gregg, 138 Ill. 596; 28 N. E. Repr. 839.

Where the instrument is lodged with a bank for collection, the bank becomes the agent of the payee or obligee, to receive payment: Ward v. Smith, 7 Wall. U. S. 451; Hazlett v. Commercial Nat. Bank, 132 Pa. 118.

OPINION BY MR. JUSTICE MITCHELL, January 6, 1902:

The learned judge below directed a nonsuit on two grounds, the first of which was that the plaintiffs did not appear to have been the owners of the draft at the time of the cause of action sued for, or at any time subsequent. The draft was drawn by plaintiffs, Nelson Morris & Company, to the order of Nelson Morris, was indorsed by him individually "for deposit" in the Chicago bank, and on its return unpaid was charged back to his account, as appeared by memorandum on its face. There was no further evidence as to the ownership except the answer of one witness to the question, " The bank was simply the agent of Nelson Morris & Company? Answer. Simply the agent to forward the draft for collection," the context showing that his attention was not directed to the matter of ownership as between Morris and the firm, but to the purpose for which the draft was given to the bank. The objection is technical and probably the fact is that the plaintiffs were the owners all the time, but the evidence did not show it and the judge could not assume it in the absence of proof.

The second ground for the nonsuit was the absence of any contractual relation between the plaintiffs (or Nelson Morris

individually) and the defendant, out of which a right of action could arise.  Appellant has argued, as the hinge of the case, that the Chicago bank was merely an agent for transmission and that when the defendant received the draft it became plaintiffs' agent for collection, and, therefore, liable for its negligence in failing to follow instructions.  But the undisputed facts are against this contention.  The draft was indorsed by Nelson Morris " For deposit " and entered to his credit in the Chicago bank, which then indorsed it to its own order " For collection, Account of First National Bank, Chicago," and sent it to the defendant.  The Chicago bank clearly undertook the collection and as between it and the defendant was to be regarded as the owner.  In fact so long as the amount remained in Morris's account to his credit, the bank was the owner and the title did not revert to him until the draft was returned unpaid and charged back to the debit side of his account.  The ownership as between the Chicago and the Allegheny banks being thus in the former, the liability of the latter was to the former as agent to principal, and not to the depositor.  This precise point as to liability of the agent to the depositor does not seem to have been decided by this court, but the converse proposition, that the bank receiving a claim for collection becomes an independent contractor liable for the negligence or default of the agents to whom it entrusted the actual collection, was expressly held in Bradstreet v. Everson, 72 Pa. 124, followed in Morgan v. Tener, 83 Pa. 305, and Siner v. Stearne, 155 Pa. 62.  The reasoning of these cases requires the affirmance of the proposition that the liability of the subcollector is only to the collector as his principal.  This was expressly held by the Supreme Court of the United States in Hoover v. Wise, 91 U. S. 308, largely on the authority of Bradstreet v. Everson, supra.  " The cases . . . . of an attorney employed not by the creditor but by a collection agent who undertakes the collection of the debt . . . . establish that such attorney is the agent of the collecting agent, and not of the creditor who employed that agent."  Though there was a dissent in that case it was upon the operation of the bankrupt law under the special facts, and the dissenting opinion concedes the rule as applicable to a bank undertaking to collect a note indorsed to it.

Judgment affirmed.