# New York Hotel Statler Co., Inc., Appellant, *v.* Girard National Bank.

*Agents—Banks—Negotiable instruments—Transmission for the purpose of collection—Laws of a foreign state—Presumption.*

In the absence of proof to the contrary, the law of a foreign state will be presumed to be the same as the law of this state.

A bank, with which commercial paper is left by its customers to be transmitted for collection, is the agent for the owners for transmission only, and it is not liable for the negligence or default of its correspondents or agents through whom it is necessary to transmit the papers, if it has used reasonable care and diligence in selecting such agents.

The duty of the home bank is to transmit, with proper instructions, the note or bill for collection to its correspondent bank, and the latter becomes the agent of the owner to make the collection and is responsible to him for any loss occasioned by its neglect of duty.

Plaintiff deposited nine checks in a home bank for the purpose of

collection. The checks were transmitted through another bank, to the defendant bank for the purpose of collection. Under such circumstances the defendant bank was the plaintiff's agent and responsible to him for its negligence as such agent.

Morris *v.* Bank of Allegheny 201 Pa. 160 distinguished.

Argued November 12, 1925. Appeal No. 287 October T., 1925, by plaintiff from judgment of Municipal Court of Philadelphia, April T., 1925, No. 474, for defendant on affidavit of defense, raising question of law, in the case of New York Hotel Statler Co., Inc. a corporation, v. Girard National Bank, a corporation. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover damages for loss sustained by reason of defendant's negligence in forwarding checks. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Judgment for defendant on question of law raised by affidavit of defense. Plaintiff appealed.

*Error assigned* was the order of Court.

*Alvin L. Levi,* and with him, *David Mandel, Jr.,* and *Julius C. Levi,* for appellant.

*Arthur Littleton,* for appellee.

OPINION BY GAWTHROP, J., December 14, 1925:

Plaintiff, a corporation operating a hotel in New York City, brought this action in assumpsit against defendant, a bank in Philadelphia, to recover the amounts due on nine checks drawn by one Wray to plaintiff's order upon the Citizens Bank of Sandersville, Georgia, and deposited by it in the Hudson Trust Company in New York for collection. The Hudson Trust Company transmitted the checks to the Empire

Trust Company in New York City, which in turn transmitted them to defendant at Philadelphia. Defendant transmitted the checks directly to the bank on which they were drawn, for collection. The checks were not returned by the drawee bank to defendant, nor was payment thereof refused, nor were they protested for non-payment. Defendant failed to remit the amount due on the checks to the Hudson Trust Company for credit to the account of plaintiff and failed to account to plaintiff for the sums due on said checks. The negligence charged against the defendant is the forwarding of the checks for collection directly to the bank on which they were drawn. In answer to plaintiff's statement of claim averring the above stated facts, defendant filed an affidavit of defense, in lieu of demurrer, under Sect. 20 of the Practice Act of 1915, in which the statement of claim is said to be insufficient in law because it failed to set forth facts showing the existence of a contract, written or oral, expressed or implied, existing between plaintiff and defendant. The court below sustained the statutory demurrer and plaintiff has appealed.

The question presented is whether this action can be maintained by plaintiff against the Girard National Bank. The contract fixing the relations between plaintiff and the Hudson Trust Company, the initial bank of deposit, was a New York contract and is controlled by the laws of that state, with respect to which it must be presumed the parties dealt with each other. But we must, under well settled principles, assume that the law there is the same as here in the absence of evidence to the contrary: Baughman's Estate, 281 Pa., 23; Musser v. Stauffer, 178 Pa., 99; Whiting Mfg. Co. v Bank, 15 Pa. Superior Ct., 419. The question of the liability of a correspondent bank to the owner of a check forwarded for collection by the initial bank of deposit is well settled in this State. In Farmers

National Bank v. Nelson, 255 Pa., 455, our Supreme Court, speaking through Mr. Justice Mestrezat, said: "While a different rule prevails in some other jurisdictions, we have uniformly held that a bank with which commercial paper is left by its customers to be transmitted for collection is the agent of the owners for transmission only and is not liable for the negligence or default of its correspondents or agents through whom it is necessary to transmit the paper if it has used reasonable care and diligence in selecting such agents. In Mechem on Agency (2d Ed.) Sec. 1314, the learned author says: 'In the majority of the states ......it is held that the liability of the home bank, in the absence of instructions or an agreement to the contrary, extends merely to the selection of a suitable and competent agent with proper instructions, and does not involve responsibility for the default or misconduct of the correspondent bank....... This rule is adopted in Pennsylvania.' The ground upon which this rule rests is that the contract of, or the duty assumed by, the home bank is to transmit, with proper instructions, the note or bill for collection to its correspondent bank, and the latter becomes the agent of the owner to make the collection and is responsible to him for any loss occasioned by its neglect of duty." Mechanics Bank of the City and County of Philadelphia v. Earp, 4 Rawle 383, and Merchants National Bank of Philadelphia v. Goodman, 109 Pa., 422, support this doctrine. In the latter case the court says: "In our own State the principle has, in several instances, been maintained that a collecting bank is an agent for transmission to a sub-agent to collect, and when this is properly done, its duty is performed and its responsibility is at an end." We so held in the recent case of Bank of Wesleyville v. Rose, 85 Pa. Superior Ct., 52. When plaintiff deposited the checks for collection with the Hudson Trust Company, the

undertaking of the latter was to transmit them through the ordinary channels of collection, that is, through correspondent banks, to the bank on which they were drawn. From the nature of the transaction the plaintiff knew that the initial bank of deposit would be required to employ sub-agents and impliedly authorized their appointment on his account. Under the circumstances the deposit of the checks-for collection was a deposit for transmission for collection. Plaintiff did not aver in the statement of claim that it was credited by the Hudson Trust Company with the amount of the checks, and we cannot assume that it received such credit. It follows that the checks remained the property of the depositor. That is the general rule under such circumstances, and the bank of deposit performed the services of collection as the agent of the depositor: 7 C. J. 587.

Defendant relies upon Morris v. Bank of Allegheny, 201 Pa., 160, as authority for its contention that the liability of the defendant is only to the Hudson Trust Company as its principal, and that there is no contractual relation between it and plaintiff out of which a right of action can arise. In that case a sight draft was deposited by plaintiff with the First National Bank of Chicago and credit given the depositor for the amount thereof. The Chicago bank sent it to defendant for collection and the amount thereof was lost by reason of the failure of defendant to give prompt notice of its non-payment. The suit was in assumpsit by the depositor against the correspondent of the Chicago Bank for negligence in the performance of its duty as agent of plaintiff. A non-suit was entered, inter alia, because there was no contractual relation between the plaintiff and the defendant. The Supreme Court sustained the entry of the non-suit on that ground. The opinion of Mr. Justice Mitchell makes it very clear that "so long as the amount re-

mained in Morris's account to his credit, the bank was the owner and the title did not revert to him (plaintiff) until the draft was returned unpaid and charged back to the debit side of his account. The ownership as between the Chicago and the Allegheny banks being thus in the former, the liability of the latter was to the former as agent to principal, and not to the depositor.'' The Morris case did not involve the point as to the liability of a subagent of a collecting bank to the depositor when the latter had not received credit, or when credit had been extended and there had been no charge back against the depositor. It is clearly distinguishable from the case in hand on its facts, and all that was said in the opinion must be considered in the light of its facts. The cases cited in support of the proposition that a bank receiving a claim for collection becomes an independent contractor liable for the negligence or default of the agents to whom it entrusted the actual collection (Bradstreet v. Everson, 72 Pa., 124; Morgan v. Tener, 83 Pa. 305; and Siner v. Stearne, 155 Pa. 62) did not involve the question of the liability of the initial bank of deposit for the conduct of its subagents employed by it in the collection of commercial paper. Those cases involved the liability of a collection agency for the negligence of an attorney-at-law selected by it to make a collection. After the most deliberate consideration of the argument of the able counsel for the appellee, we are constrained to hold, as we did in Bank of Wesleyville v. Rose, supra, that, under the facts averred, the defendant bank was the agent of plaintiff and responsible to him for its negligence as such agent.

The judgment is reversed, and the record is remitted to the court below in order that defendant may file a supplemental affidavit of defense to the averments of fact as provided by the Practice Act.