# New York Hotel Statler Company, Inc. *v.* Girard National Bank, Appellant.

*Negotiable instruments—Checks—Assumpsit to recover amount of Checks—Affidavit of defense—General denial—Insufficiency.*

In an action of assumpsit to recover from defendant bank the amount of certain checks, the plaintiff averred in its statement that it was the holder in due course of the checks which had been deposited with defendant for collection. The defendant averred in its affidavit of defense, that it had exhausted all sources of knowledge which were open to it in determining whether plaintiff was the holder in due course of the checks. Defendant further averred that from its inability to obtain any information on the subject, coupled with its general knowledge of the matter, it believed and averred that

Syllabus—Arguments.   [89 Pa. Superior Ct.

the averments.of plaintiff were untrue, and so expected to prove at the trial of the case. Under such circumstances, the affidavit was insufficient to prevent judgment.

It was the duty of the defendant to make inquiry of the plaintiff to obtain the necessary information. Having failed to do so, defendant was in no position to aver that it had exhausted all sources of knowledge open to it.

*Banks and banking—Checks—Holding for value—Agency.*

· The mere fact that a bank credits a customer with the amount of a check endorsed by him in blank, deposited in his account, does not in the absence of a special agreement, constitute the bank a holder of the paper for value; the title to the check remains in the depositor. The relation arising from such a transaction, as between the bank and the depositor, is that the former becomes the agent of the latter, for the purpose of collection.

Argued October 28, 1926. Appeal No. 189, October T., 1926, by defendant, from judgment of M. C. Philadelphia County, May T., 1925, No. 474, in the case of New York Hotel Statler Company, Inc., a corporation, v. Girard National Bank, a corporation. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover the amount of certain checks. Before BONNIWELL, KNOWLES and WALSH, JJ.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The rule was made absolute. Defendant appealed.

*Error assigned* was to the order of the court.

*Arthur Littleton,* and with him *W. James MacIntosh,* for appellant.

*Alvin L. Levi,* and with him *David Mandel, Jr.,* and *Julius C. Levi,* for appellee.—The affidavit was insufficient: Bank of Wesleyville v. Rose, 85 Pa. Superior Ct. 52; Snellenberg C. Co. v. Levitt, 282 Pa. 65; Lana-

han v. Clark, 279 Pa. 297; Buehler v. U. S. Fashion Plate Co., 269 Pa. 428.

OPINION BY PORTER, P. J., March 3, 1927:

This is an action of assumpsit brought by the plaintiff, a hotel company in New York City, to recover from the defendant, a bank in Philadelphia, the amount of certain checks, which plaintiff averred in its statement it deposited in a New York bank for collection, which New York bank sent said checks to a, second New York bank for clearance and the latter forwarded the same to the defendant at Philadelphia for collection; that the defendant sent said checks directly to the Citizens Bank of Sandersville, Georgia, the bank upon which the checks were drawn; that the latter retained the checks and wholly failed to remit the amounts thereof; that the defendant has never accounted to the plaintiff for said checks or for the amount thereof; that the defendant had notice that the bank to which it sent the checks directly for payment was the bank upon which the checks were drawn, and that the act of the defendant in forwarding the checks directly to the bank upon which they were drawn was not the exercise of due care and was a violation of the duty which it owed to the plaintiff. The defendant filed an affidavit raising the question of law that the statement failed to disclose a right of action in the plaintiff against the defendant and the Municipal Court sustained that statutory demurrer and entered judgment for the defendant; which judgment was reversed by this court, for the reasons stated in an opinion by our brother GAWTHROP, in 87 Pa. Superior Ct. 94. When the record was returned to the court below the defendant filed an affidavit of defense alleging a defense upon the merits. The court below held the affidavit of defense to be evasive and insufficient and entered judgment in favor of the plaintiff, from which judgment we have this appeal by the defendant.

The questions involved in this appeal, stated by the defendant as required by the rule of this court, may be thus summarized:  (1) When a defendant avers in his affidavit that he "has exhausted all sources of knowledge which are open to him for the purpose of determining the truth of the averments in the statement of plaintiff, and that from its inability to obtain any information on the subject, coupled with its general knowledge of the matter, he believes and avers that said averments of the plaintiff are untrue, and so expects to be able to prove at the trial of the case," is it necessary for the defendant to set forth the method or character of inquiries made in the alleged search? (2) Where the holder of a check deposits it with a New York bank for credit to the account of the plaintiff and the New York bank credits said check as a cash item to the account of the plaintiff on its books, and then sends it to a second New York bank for clearance, and the second bank in New York forwards it to a bank in Philadelphia for collection, is there such privity of contract existing between the original holder of the check and the Philadelphia bank as to entitle such holder to maintain an action of assumpsit against the Philadelphia bank, if for any reason the proceeds of the check are not received by the original holder?

It may here be observed that the questions which the appellant has stated to be involved in this appeal do not challenge the alleged liability of the defendant for its negligence in sending the checks for collection directly to the bank upon which they were drawn. The sending of the checks to the bank upon which they were drawn was not a fulfillment of the proper measure of duty of the defendant to the owner of the checks, the collection of which it had undertaken: Bank v. Goodman, 109 Pa. 422.  When considering the first question stated to be involved regard must be had to

the subject-matter with which the affidavit of defense dealt and the facts which are in the affidavit of defense admitted, or not sufficiently denied. The plaintiff averred in its statement that it was the holder of the checks in due course; that the checks were drawn by W. A. Wray, Jr., on the Citizens National Bank of Sandersville, Georgia, payable to the order of the plaintiff, which checks plaintiff deposited in the Hudson Trust Company, New York, for collection, which company sent the checks to the Empire Trust Company, New York for clearance and the latter company forwarded them to the defendant at Philadelphia for collection. The only allegations of this statement which the affidavit of defense made any attempt to deny were that "the plaintiff was the holder in due course" of the checks, and that it had deposited them "for collection." The attempt to deny the first allegation of the statement, viz: that "the plaintiff was the holder in due course," is asserted to have raised the first question stated to be involved. The affidavit of defense averred that the defendant had exhausted all sources of knowledge which were open to it for the purpose of determining the truth of the averment that the plaintiff was the holder in due course of the checks in question, and that from its inability to obtain any information on the subject, coupled with its general knowledge of the matter, he (the officer who made the affidavit) "believes and avers that said averments of the plaintiff are untrue, and so expects to be able to prove at the trial of the case." Assuming that the officers of the defendant did not have the means of knowing the circumstances under which Wray gave his checks to the plaintiff it was their duty to make inquiry of the plaintiff or Wray, to obtain the necessary information. Had such demand been made and plaintiff refused the information, the defendant would then have been in a position to aver that it had exhausted all sources of

knowledge open to it for the purpose of determining the truthfulness of the averment of the statement. Having failed to do this, and contented· itself with general averments of lack of knowledge of the matter, the averment of the affidavit of defense was insufficient to prevent judgment: Snellenburg Clothing Co. v. Levitt, 282 Pa. 65; Lanahan v. Clark, 279 Pa. 297. The fact that the plaintiff was the holder of the checks, which were payable to its own order, is not denied; whether in such a case the defendant could raise any question as to the consideration which passed between Wray and the plaintiff does not arise in this case, for the defendant had not sufficiently denied that the plaintiff was the holder in due course.

The second question stated to be involved does not arise under any proper consideration of the statement and the affidavit of defense. The statement distinctly averred that the checks were deposited for collection. The attempt of the defendant to deny this averment was manifestly evasive. The affidavit of defense averred "on information and belief that plaintiff deposited in the Hudson Trust Company at New York ...... [the checks in question] for credit to the account of said plaintiff, and that said Hudson Trust Company credited said checks as cash items to the account of plaintiff on its books." This was a mere allegation of information and belief, without stating that defendant had made any inquiry to ascertain the facts, or the sources from which the information was derived, and without an averment that the defendant expected to prove the suspected fact at the trial. The mere fact that a bank credits a customer with the amount of a check, indorsed by him in blank, deposited in his account, does not, in the absence of a special agreement, constitute the bank a holder of the paper for value; the title to the check remains in the depositor. The relation arising from such a transaction, as

between the bank and the depositor, is that the former becomes the agent of the latter for the purpose of collection: Hazlett v. Commercial Bank, 132 Pa. 118; Farmers National Bank v. Nelson, 255 Pa. 455; Bank of Wesleyville v. Rose, 85 Pa. Superior Ct. 53; Statler Hotel Company v. Girard National Bank, 87 Pa. Superior Ct. 95. Upon the facts averred in the statement and not sufficiently denied in the affidavit of defense, the defendant must be held to have been the agent of the plaintiff for the collection of the checks and the court did not err in entering judgment for want of a sufficient affidavit of defense.

The judgment is affirmed.