Riccardi Motor Car, Inc. et al. *v.* Weinstein et al., Appellant.

42

Argued November 21, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*George J. Edwards, Jr.,* and with him *Ralph S.*

*Croskey,* for appellant.—The conditional sale agreement in New York is of no effect as against appellant: Bennett v. Cadwell, 70 Pa. 253; Hotel Statler Co. v. Girard Natl. Bank, 87 Pa. Superior Ct. 94; Rafferty v. Klein, 256 Pa. 481; Montgomery, Jr. v. Martin et al., 294 Pa. 25.

The appellee's action of replevin does not meet the requirements of the uniform Conditional Sales Act: Thayer Mercantile Co. v. First Natl. Bank, 119 Atl. 94; Allegheny City v. Railway, 159 Pa. 411.

*Cecil P. Harvey,* of *Horenstein, Feldman & Harvey,* for appellee.—The appellant failed to deny appellee's title and failed to set forth his own title to the goods replevied: Buehler v. United States Fashion Plate Co., 269 Pa. 428; New York Hotel Statler v. Girard National Bank, 89 Pa. Superior Ct. 537; Leitch v. Sanford Motor Truck Co. et al., 279 Pa. 160; Mackey et al. v. Benjamin Franklin R. & H. Co., 288 Pa. 207.

OPINION BY GAWTHROP, J., January 29, 1930:

This is an appeal from a judgment entered against the defendant, Lahr, for want of a sufficient affidavit of defense. The action is replevin brought by the Commercial Credit Corporation (hereinafter called plaintiff), assignee of Riccardi Motor Car, Incorporated, (hereinafter called Motor Company), for recovery of the possession of an automobile. The sheriff found the automobile in the possession of the defendant, Lahr, whose name was added as a party defendant to the cause. He entered a counter-bond, retained possession of the automobile and filed an affidavit of defense. The assignment of error raises the question of the sufficiency of the declaration and of the affidavit of defense.

The first eight paragraphs of the declaration contain the averments that on May 24, 1928, the Motor Company was the owner of the automobile; that on the same day in the City of New York it delivered to the

defendant, Weinstein, the automobile under a conditional sale agreement, by the terms of which there was due from Weinstein to the Motor Company, after a credit allowance, the sum of $1,193, which the latter agreed to pay in twelve equal monthly installments of $110.85 each, commencing one month from the date of the agreement, May 24, 1928; that on the same day the Motor Company sold and assigned the conditional sale contract to plaintiff; that on June 6, 1928, plaintiff filed the conditional sale agreement and the assignment in the County of New York, State of New York; that the defendant, Weinstein, defaulted in payment of the first installment due under the agreement on June 24, 1928, and all subsequent installments; and that without consent of plaintiff he removed, or caused to be removed, the automobile from the County and State of New York to the County of Philadelphia, Pennsylvania. The ninth paragraph averred that on January 4, 1929, the automobile was discovered in Philadelphia and seized by the sheriff under the writ while it was in the possession of the defendant, Lahr.

In his affidavit of defense the defendant, Lahr, answered the averments of the corresponding paragraphs of the declaration as follows: "I have exhausted all sources of knowledge which are open to me within the county aforesaid for the purpose of determining the truthfulness of the averments set forth in the (number of paragraph) paragraph of plaintiff's declaration, and from my inability to obtain any information on the subject, coupled with my general knowledge of the matter, I believe said allegations to be untrue and expect so to prove." He averred further that on May 26, 1928, two days after the conditional sale contract was entered into between the Motor Company and Weinstein, the latter, being the owner of the automobile and having the possession thereof, sold it in Camden, New Jersey, to one Cohen and then

and there delivered to Cohen a written bill of sale therefor, dated May 26, 1928; that Cohen made application to the Department of Highways, Bureau of Motor Vehicles of the Commonwealth of Pennsylvania, for a certificate of title of ownership for said motor vehicle, and that a certificate of title was issued to him on the same day; that on June 4, 1928, Cohen sold the automobile and assigned the certificate of title to the Metropole Garage; that on August 16, 1928, the Metropole Garage exposed the automobile at public auction in Philadelphia and the defendant, Lahr, purchased it for $1,080, without any knowledge of the facts alleged in plaintiff's declaration, and subsequently obtained from the Registrar of Motor Vehicles a certificate of title.

The court below held that the averments of the affidavit of defense that defendant had exhausted all sources of knowledge which were open to him within the county for the purpose of determining the truthfulness of the averments set forth in plaintiff's declaration, and from his inability to obtain any information on the subject, coupled with his general knowledge of the matter, he believed the allegations to be untrue and expected so to prove, were insufficient, and that he should have set forth in detail what efforts were made to obtain information upon the subject. That conclusion was fully warranted by the precedents. See Hotel Statler Co. v. Girard National Bank, 89 Pa. Superior Ct. 537; and Buehler v. United States Fashion Plate Co., 269 Pa. 428.

The court held further that the declaration averred facts sufficient to establish plaintiff's title to the automobile and its right of possession; that nothing in the affidavit of defense set forth any authority in Weinstein to sell the automobile; that Weinstein did not have such title to the automobile as would support a clear title in defandant, Lahr; and that Cohen, who

bought from Weinstein, took no better title than Weinstein had at the time of the sale from Weinstein to Cohen. We agree that the declaration was sufficient. We also are of the opinion that the affidavit of defense was insufficient to prevent judgment, but for somewhat different reasons than those stated by the learned judge of the court below.

The Replevin Act of 1901, P. L. 88, requires that plaintiff's declaration shall set forth the facts on which his title to the goods and chattels is based. "This has evident reference to the facts relating to his acquisition of the property and conditions which entitle him to its possession. Possession usually follows title and an affirmation of absolute ownership or a qualified property with the circumstances of such qualified proprietorship, would ordinarily be sufficient to present a prima facie case in favor of the plaintiff": Drumgoole v. Lyle, 30 Pa. Superior Ct. 463. If plaintiff's title be clearly and fully set forth with an averment of his right of possession, defendant must meet this prima facie showing by setting forth in his affidavit of defense facts sufficient to justify his retention of the property. In the present case the question arises whether it was necessary for plaintiff to aver facts sufficient to establish its title and right of possession against the defendant, Lahr, or whether it was sufficient to set forth the facts showing its title and right of possession as against the vendee under the conditional sale agreement. It probably did not, and it was not required to, know what defense would be set up. It was not necessary for it to assume that Weinstein had violated the agreement by selling the automobile and to anticipate a defense that might be set up by a purchaser from Weinstein, or some person claiming through such a purchaser. It was not required to set up a title that would be good against the world. It was only requisite that it aver facts

establishing its title as against Weinstein, the other party to the contract on which its title depends. As the declaration did this, it was sufficient.

Did the affidavit of defense aver facts sufficient to establish Lahr's title to the automobile? The answer depends upon whether it averred facts sufficient to establish that Cohen, who purchased the automobile from Weinstein, acquired a title to it free and clear from the provision in the conditional sale agreement reserving title in the Motor Company. Appellant grounds his title to the automobile on the title Cohen got from Weinstein. The principal contention made in his behalf is that Cohen got a title free and clear from the provision in the conditional sale agreement reserving property in the Motor Company, because this provision was void as to Cohen, for the reason that the agreement was not recorded within ten days after its making as required by statute. Counsel for appellant rely on Section 5 of the Uniform Conditional Sales Act of 1925, P. L. 603, which provides as follows:

"Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them before the contract or a copy thereof shall be filed, as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale."

Under the provisions of Section 6 of this act, the place for filing the contract within the ten days after the making of the conditional sale was the County of New York, in the State of New York. Without evidence to the contrary, the presumption is that the law of the state where the contract was made is the same as that in Pennsylvania (Hotel Statler Co. v. Girard National Bank, supra; Oberlin v. Parry, 287 Pa. 224), even though the law of Pennsylvania is a statute:

Baughman's Estate, 281 Pa. 23, 37-38. By the terms of the section of the statute quoted above, the failure to record the contract within ten days after the making of the conditional sale renders the provision reserving property in the seller void only as to a buyer who purchases from the vendee in the agreement *without notice of such provision.* If Cohen had notice of the provision when he bought the automobile, it would not be void as to him, although the agreement was never filed anywhere. The fact that he was a purchaser from Weinstein without notice of such provision was one upon which the validity of his title depended. Such a vital and controlling fact should have been averred. Failure to aver it constituted a fatal defect in defendant's averments of facts showing his title, which must stand or fall upon the title acquired by Cohen from Weinstein. There is no market overt in Pennsylvania and a purchaser cannot get title to personal property by buying and paying for it to a person who has no title: Heisley v. Economy Tool Mfg. Co., 33 Pa. Superior Ct. 218.

The only other contention made in behalf of appellant is that plaintiff's declaration contains no averment that the conditional sale agreement, or a copy thereof, was filed in Philadelphia County, Pennsylvania, within ten days after plaintiff received notice that the automobile had been removed to that county and state, and that this amounted to a failure to comply with Section 14 of the Act of 1925, supra, as amended. There are two complete answers to this contention. First, the failure to file the agreement at any time or in any place was not a fact which affected plaintiff's title as against Weinstein, and therefore, for reasons already stated, plaintiff was not required to aver any facts in respect to it. Secondly, Section 14 of the act, which provides for the recording of a conditional sale contract, or a copy thereof, in a county in

this State into which goods have been removed by the buyer under the conditional sale contract, has no application under the facts averred in the affidavit of defense, because the averment is made that Weinstein sold and delivered the automobile to Cohen in the State of New Jersey. Section 14 applies only when the goods are removed from another state into Pennsylvania by the buyer under the conditional sale contract. It may be observed also that under this section the reservation of title in the original vendor is void only as to purchasers from the original vendee without notice. Further discussion seems unnecessary.

The judgment is affirmed.