## Universal Credit Company v. McNair et al.

*Harry I. Hiestand*, for plaintiff; *Theodore Lane Bean*, for defendants.

KNIGHT, J., November 27, 1931.—The statement in replevin avers that on July 8, 1930, Humes Brothers leased a certain Ford automobile to William McNair, and assigned the lease to the plaintiff company; that McNair defaulted in the instalment of rent due September 8, 1930, whereupon the plaintiff became entitled to the immediate possession of the car under the terms of the lease, but the defendant, McNair, failed and refused to deliver possession of the car to the plaintiff, which finally located the machine in the possession of the defendant, Robert Roth, and replevined the same.

The affidavit of defense of Robert Roth admits the letting of the car to McNair, under the lease contract attached to the statement in replevin; avers a lack of knowledge of any default in payment on the part of McNair; and then sets forth as new matter, that one Jawood H. Elliott obtained a judgment in this court against William McNair, a transcript of which was entered in Delaware County, and the automobile in question was levied upon and sold by the Sheriff of Delaware County on an execution issued on the said judgment, and purchased at the judicial sale by Jawood H. Elliott, who sold it to the defendant, Robert Roth, who was a bona fide purchaser, for value, without any notice of the title or claim of title of the plaintiff.

The affidavit further avers that the Commonwealth of Pennsylvania, through its Highway Department, issued to the defendant, Robert Roth, a clear certificate of title for said automobile.

The sufficiency of this affidavit is questioned by the rule before us.

We must approach this case in the light of Willys-Overland, Inc., v. Stry, 76 Pa. Superior Ct. 315, where, on page 318, it is said:

"While it is true that an affidavit of defense is to be taken most strongly against the defendant, for it is to be presumed that he has made it as favorable to himself as his conscience will allow: Baker v. Tustin, 245 Pa. 499; yet if on consideration of the affidavit so construed there is any doubt of the plaintiff's right to recover under the pleadings, that doubt must be resolved in favor of a jury trial of the issues involved: Wilson v. Bryn Mawr Trust Co., 225 Pa. 143. This is especially the case with respect to affidavits of defense in replevin actions, where, as here, there was no contractual relation between the plaintiff and defendant, and the latter was not in a position to have accurate knowledge of the former's alleged ownership. A defendant in possession of an article should not be summarily deprived of his possession and ownership without a jury trial, where in his affidavit of defense he shows that he purchased the article in good faith, for value and without notice of plaintiff's claim of title, from a person of good repute and in possession under a claim of ownership not shown to have been derived from the plaintiff. The bond furnishes full protection pending the trial."

The plaintiff contends:

1. That the judicial sale vested no title in the automobile in Jawood H. Elliott, because the sheriff could only sell McNair's interest in the car, and if McNair had no interest in the automobile at the time of the sale, no title passed from the sheriff to Elliott, and hence the latter had no title to transfer to the defendant.

2. That the certificate of title issued by the Department of Highways of the Commonwealth gave no title to the defendant, because such certificate was at best only prima facie evidence of ownership, and if the defendant had in fact no actual title to the car, the certificate issued by the state could give him none.

Counsel for the plaintiff has cited substantial authority in support of his position, and we are of the opinion that he is right in both contentions.

If, however, McNair had paid the full amount of rent reserved at the time of the sheriff's sale, his title to the automobile would have been good, and, consequently, the defendant, who derives his title through McNair, would have a valid claim of ownership.

The statement avers that McNair defaulted in the payment of rent due September 8, 1930, and in all subsequent payments; the affidavit of defense replies that the defendant, Roth, has no means of knowledge of the transaction between the plaintiff and McNair, and, therefore, denies the averment of default. Denials such as this have been held sufficient to prevent summary judgment in replevin actions by the Superior Court in Willys-Overland, Inc., v. Stry, 76 Pa. Superior Ct. 315. However, in a later case, Riccardi Motor Car, Inc., et al. v. Weinstein et al, 98 Pa. Superior Ct. 41, an averment of lack of knowledge and demand for proof was held by the same court insufficient, on the ground that the defendant should have set forth in detail what efforts were made to obtain information upon the subject. In the latter case, the court relied upon two precedents: N. Y. Hotel Statler Co. v. Girard National Bank, 89 Pa. Superior Ct. 537, and Buehler v. United States Fashion Plate Co., 269 Pa. 428. Both of these cases arose under the Practice Act of May 14, 1915, P. L. 483, which does not apply to actions of replevin. See Willys-Overland, Inc., v. Stry, supra. The Superior Court in the Weinstein case, however, seems to have applied to actions of replevin the requirement of the Practice Act, section eight, that every allegation of fact in the plaintiff's statement of claim, if not denied specifically or by necessary implication, shall be taken as admitted.

Section eight of the Practice Act was amended by the Act of June 12, 1931, P. L. 557, which adds the following proviso:

"Provided, however, that if either the defendant or the plaintiff has no knowledge, and, after reasonable investigation, is unable to ascertain whether or not the facts alleged by the opposite party are true, or if means of proof of the facts alleged are under the exclusive control of the party making the allegation, it shall be a sufficient answer to allege that either or both such conditions exist, and to demand proof of such alleged facts by the opposite party, but in no event shall either party be required to allege or prove that he had inquired of the opposite party as to, or investigated, alleged facts, the proof of which is under the exclusive control of the opposite party."

The Act of 1931, supra, modifies the rule as laid down in Buehler *v.* United States Fashion Plate Co., and Hotel Statler Co. *v.* Girard National Bank, above cited, so far as cases arising under the Practice Act are concerned.

While the averment in the affidavit does not follow the wording of the Act of 1931, yet there is a strong implication that the means of proof of the facts alleged (the default of McNair) are under the exclusive control of the plaintiff.

There may be a serious question if the averment of the affidavit is sufficient under the Practice Act, as amended by the Act of 1931, but it is at least not a clear case for the plaintiff even under this act.

In view of the fact that the Replevin Act of April 19, 1901, P. L. 88, does not require such specific denials as the Practice Act of May 14, 1915, P. L. 483, and the authority of Riccardi Motor Car, Inc., et al. *v.* Weinstein, supra, in this aspect of the case seems much shaken by the Act of 1931, supra, the present pleadings do not present that clear case for the plaintiff which would warrant us in entering judgment in its favor on the present rule.

And now, November 27, 1931, the rule for judgment for want of a sufficient affidavit of defense is discharged.

From Aaron S. Swartz, Jr., Norristown, Pa.