## H. Kandel & Company v. Leibovich

*Edward Tolen,* for plaintiff; *Harry C. Liebman,* for defendant.

SMITH, P. J., December 8, 1931.—On February 6, 1930, defendant leased a radio from the plaintiff. The lease provided for confession of judgment on default and right to repossess the radio. Defendant defaulted in his instalment payments and plaintiff entered judgment for amount unpaid. Thereafter plaintiff replevied the leased radio and, a counter-bond being filed, defendant repossessed himself of the radio. Plaintiff filed his declaration in replevin, to which defendant filed an affidavit of defense raising questions of law.

In Root v. Hershey, 39 Lanc. L. Rev. 489, it is stated:

"The defendants in their affidavit of defense ask us to enter judgment in their favor. This we cannot do. The proceeding is under the Act of April 19, 1901, P. L. 88, which relates only to actions of replevin, and is not under the Practice Act. The Practice Act of May 14, 1915, P. L. 483, does not apply to actions of replevin, but only to actions of contract and trespass. So that a provision allowing judgment to be entered for the defendants on an affidavit raising a question of law has no application in this case. The rule for judgment for want of a sufficient affidavit of defense is discharged."

In Cipper v. Second National Bank of Wilkes-Barre, 22 Luzerne L. R. 374, it is stated:

"Plaintiff issued writ of replevin, obtained possession of the property in dispute and filed declaration. Defendant filed affidavit of defense raising question of law, assuming the procedure to be in accordance with the Practice Act of 1915, and the question of law so raised was set down for hearing and disposition by the court.

564

"This procedure is not in accord with the practice laid down in actions of replevin by Act of 1901, P. L. 88, and its supplements, which provides, inter alia, in paragraph 5 thereof, as follows:

" 'The defendant . . . shall within fifteen days after the filing of such declaration file an affidavit of defense thereto setting up facts denying the plaintiff's title, and showing his own title to said goods and chattels,' etc.

"The affidavit of defense filed does not meet the requirements of the above act, and accordingly is held insufficient and defendant is permitted, within fifteen days from the date hereof, to file supplemental affidavit of defense in accordance with above suggestions."

In Commonwealth Finance Corp. v. Kramer, 273 Pa. 528, 529, it is stated:

"The Practice Act of May 14, 1915, P. L. 483, does not apply. The proceeding being replevin, the Act of April 19, 1901, P. L. 88, governs."

The affidavit of defense raising questions of law, therefore, not being in accordance with the provisions of the Act of 1901, is held insufficient. Defendant is permitted to file a supplemental affidavit of defense to the plaintiff's declaration within fifteen days from the date hereof.