## Kessler, Appellant, *v.* Perrong.

*Sale—Rescission—Fraud—Warehouse receipts—Contract.*

Where a person in Pennsylvania buys whisky stored in Kentucky, and receives warehouse receipts therefor, and shortly after the purchase discovers that the whisky is not rye whisky as represented to him, but sour mash Bourbon, he must rescind the sale within a reasonable time by the surrender of the warehouse receipts, and if he fails to do so for two years after the discovery of the fraud, he will be deemed to have affirmed the contract.

*Appeals—Affidavit of defense—Trial Act of April* 18, 1874, *P. L.* 64.

The Act of April 18, 1874, P. L. 64, which gives to a plaintiff an appeal from the decision of the court below against his right to a judgment for want of a sufficient affidavit of defense, was intended to prevent the delay of a trial, and such appeal must be taken before the trial actually takes place.

Argued Dec. 4, 1902.   Appeal, No. 212, Oct. T., 1902, by plaintiff, from judgment of C. P. Schuylkill Co., Nov. T.,

1900, No. 362, on verdict for defendant in case of Julius Kessler & Company v. John Perrong. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit for goods sold and delivered. Before BECHTEL, P. J.

At the trial it appeared that on April 18, 1900, defendant purchased from Sidney Hirsh, a salesman of the plaintiff, five barrels of whisky, on the following contract:

"Sale slip. Girardville, April 19, 1900. Julius Kessler & Co., Inc., World Building, New York. Gentlemen: I have this day bought of you through your Mr. Hirsh five barrel whisky in bond, and have received warehouse receipt covering said five barrel as follows: Warehouse receipt No. 217. Brand S. C. H. 99. Serial number 23410. Proof gallon 23470. Price per gallon .57½. Total $134.95. Settlement: Cash $14.95 and notes for $120, as follows: $24 due May 19; $24 due June 19; $24 due July 19; $24 due September 19; $24 due October 19. Subject to the approval of your home office. John Perrong, signature of the purchaser. Hirsh, salesman. H. C. B. Sales Book A233."

Defendant testified that after he had taken one of the barrels out of bond, he found that it was Bourbon sour mash, and not rye whisky, as Hirsh had represented it to be. He made this discovery shortly after the sale, but up to the time of the trial in 1902, he neither surrendered nor offered to surrender the warehouse receipts.

The court charged in part as follows:

[If, upon the other hand, you find that he did not buy five barrels of liquor of the kind that these parties sought to deliver to him, if you find that he contracted to buy five barrels of liquor that was to be rye whisky, exclusively rye whisky, and that the plaintiff contracted to sell him that kind of liquor, but that they did not deliver that kind of liquor to him when they delivered this barrel, and he therefore refused and notified them of his refusal to take the balance of it, we believe he would have a right to do that under the law as we understand it, because of their failure to deliver to him what they contracted to sell to him, if you so find.] [7]

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* among others were (1) in discharging rule for judgment for want of a sufficient affidavit of defense, (2) portions of charge as above, quoting it.

*J. F. Minogue*, for appellant.—An owner of whisky, other than the distiller, may keep it in a distillery bonded warehouse and may sell and transfer it without taking actual possession thereof, or making actual delivery thereof, a transfer by means of a distillery warehouse receipt and bill of sale being sufficient to pass a valid title to the goods: Kiel & Son v. Harris, 1 Pa. C. C. Rep. 171; Keil & Son v. Harris, 5 Cent. Repr. 865.

*MacHenry Wilhelm*, for appellee.

OPINION BY W. D. PORTER, J., May 4, 1903:

The agent of the plaintiff, on April 19, 1900, entered into an agreement with the defendant for the sale of five barrels of whisky.    The defendant made and delivered five notes, payable to the order of the plaintiffs, for the price of the whisky. The whisky was stored in a United States bonded warehouse, in Bourbon county, Kentucky.    A warehouse receipt which properly identified the five several packages, and which upon its face appeared to be negotiable, was delivered to the defendant.    The defendant shortly afterwards paid one of the notes and the internal revenue tax on one barrel of whisky and withdrew it from the bonded warehouse.    This action is brought for the collection of the other four notes.    The appellee defended against the payment of the notes, alleging that the agent of the plaintiff had represented that the barrels called for by the certificate contained rye whisky, whereas, as he discovered upon taking the first barrel out of bond, the whisky was sour mash Bourbon.    The contract of sale was made in Pennsylvania, the goods were in a distant state and there was no opportunity to examine them; if the defendant was induced to buy these particular packages through fraudulent representation as to their contents he was not bound to accept what he had not bargained for.    The transaction involved the private rights of individuals only, and the defendant had the right upon discovery of the fraud to rescind the contract.    He was put to the

election to rescind or affirm, promptly upon the discovery that the representation had been false. Had he elected to rescind it was incumbent upon him to surrender the security which invested him with title to and constructive possession of the goods. The warehouse receipt appeared upon its face to be negotiable, if under the law of the state of Kentucky it was not so the burden was upon the defendant to establish that fact by evidence. The defendant could not retain the warehouse certificate for an indefinite period, after the discovery of the alleged fraud, and then refuse to pay for the goods. Omission to repudiate the contract within a reasonable time is evidence, and may be conclusive evidence, of an election to affirm : Shisler v. Vandyke, 92 Pa. 447 ; Bispham's Equity, secs. 260, 472 ; Acetylene Company v. Smith, 10 Pa. Superior Ct. 61 ; Avondale Marble Company v. Wiggins, 12 Pa. Superior Ct. 577 ; Cornelius v. Lincoln Nat. Bank, 15 Pa. Superior Ct. 82 ; Mann v. Salsberg, 17 Pa. Superior Ct. 280. What is a reasonable time within which to exercise the right of rescission is, when the facts are undisputed, a question of law to be determined by the court: Leaming v. Wise, 73 Pa. 173 ; Howard v. Turner, 155 Pa. 349. The defendant according to his own testimony discovered the alleged imposition immediately after he had entered into the contract, in April, 1900, and at the time of the trial more than two years later he had neither surrendered nor offered to surrender the warehouse receipt. We are of opinion that he had sinned away his day of grace and that he must be held to have affirmed the contract. The fifth, seventh and eighth specifications of error are sustained.

The Act of April 18, 1874, P. L. 64, which gives to a plaintiff an appeal from the decision of the court below against his right to a judgment for want of a sufficient affidavit of defense, was intended to prevent the delay of a trial. The plaintiff in order to derive any advantage from that statute must take his appeal before the trial actually takes place. The appellate court cannot, in reviewing the record of a jury trial, consider an exception to the action of the court below in discharging a rule for judgment for want of a sufficient affidavit of defense : Griffith v. Sitgreaves, 81* Pa. 378. The first and second specifications of error are dismissed.

The judgment is reversed and a venire facias de novo awarded.