216    307
f 33 SC  304

216    307
  34 SC   85

## Marquis, Appellant, *v.* McKay.

*Affidavit of defense—Promissory note—Practice, C. P.*

In an action upon a promissory note it was averred in the affidavit of defense that the note in suit was given and accepted as a guarantee for the payment of certain money loaned by plaintiff to a corporation in which both plaintiff and defendants were alike interested financially; ·that the makers of the note were to be called on to pay only in the event that the corporation was unable, and then only such amount as was not recoverable from the corporation; that the corporation had assets more than sufficient to answer its liability; and that the plaintiff himself was debtor to the corporation in an amount exceeding the amount of the note in suit. *Held.* that the affidavit of defense was sufficient to prevent judgment inasmuch as the true result in the case could only be reached by a broad and full inquiry into the facts averred.

Argued Oct. 15, 1906. Appeal, No. 66, Oct. T., 1906, by plaintiff, from order of C. P. Lawrence Co., discharging rule for judgment for want of a sufficient affidavit of defense in case of M. S. Marquis v. Robert I. McKay et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Assumpsit on a promissory note. Before PORTER, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court.

*Wylie McCaslin,* for appellant.

*H. A. Wilkison,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 7, 1907 :

This is an appeal from the action of the court below discharging a rule for judgment for want of a sufficient affidavit of defense. It is averred in the affidavit, that the note in suit was given and accepted as a guarantee for the payment of certain money loaned by plaintiff to the Boston and Seattle Mining Company, in which both plaintiff and defendants were alike interested financially ; that the makers of the note were to be called on to pay only in the event that the mining company was unable, and then only such amount as was not recoverable from the company ; that the company had assets more than sufficient to answer its liability ; and that the plaintiff himself was debtor to the company in an amount exceeding the amount of the note in suit. The court being of opinion that the true result in the case could only be reached by a broad and full inquiry into the facts averred, discharged the rule. We see in the case no sufficient reason for dissent. While the plaintiff is entitled to a writ of error to an order of the court discharging a rule for judgment for want of sufficient affidavit of defense, we have said that the statutory provision allowing it was intended to reach only clear cases of error in law, and thus prevent the delay of a trial; that such writs should be confined to cases of this character, and that in doubtful cases, especially in those requiring broad inquiry into the facts, where the court refuses judgment, the matter in controversy should go to the jury as a proper tribunal · to decide the case : Griffith v. Sitgreaves, 2 W. N. C. 707. We further said in Chartiers Railway Company v. Hodgens, 77 Pa. 187, that where the court below refuses judgment, and an appeal is taken which is not sustained, in remitting the case this court will not attempt any discussion of the principles of law ·involved. This case calls for no further comment.

The order of court discharging the rule is affirmed.