# Joseph Schlitz Brewing Company, Appellant, *v.* Rosenbluth.

*Practice, C. P.—Affidavit of defense—Set-off.*

An affidavit of defense should set forth fairly and fully facts sufficient to show prima facie, a good defense, and if it fails to do so, either from omission of essential facts, or manifest evasiveness in the mode of statement, it will be insufficient to prevent judgment. But if not deficient in either of these respects, and on its face fairly sets forth a prima facie defense, it is not to be subjected to close technical examination as if it was a special plea demurred to. Its office is to prevent a summary judgment and for that purpose a showing of a defense with certainty, to a common intent is sufficient.

The act allowing an appeal from a refusal of judgment for want of a sufficient affidavit of defense was intended to reach only clear cases of error of law, so as to prevent the delay of a trial, and in doubtful cases, especially those requiring a broad inquiry into the facts, where the court refuses judgment, the matter in controversy should go to the jury under proper instructions from the court.

An affidavit of defense setting up a set-off will not be deemed insufficient because the exact amount of the set-off is not stated, where it appears that the amount is positively asserted to be greater than the balance claimed.

Argued Feb. 26, 1907. Appeal, No. 47, Jan. T., 1907, by plaintiff, from order of C. P. Luzerne Co., May T., 1902, No. 536, discharging rule for judgment for want of a sufficient affidavit of defense in case of Joseph Schlitz Brewing Company v. Max Rosenbluth. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court discharging the rule.

*D. L. Creveling,* with him *Reynolds & Reynolds,* for appellant.

*R. B. Sheridan,* with him *John T. Lenahan,* for appellee.

PER CURIAM, April 15, 1907 :

" An affidavit of defense should set forth fully and fairly, facts sufficient to show prima facie, a good defense, and if it fails to do so, either from omission of essential facts, or manifest evasiveness in the mode of statement, it will be insufficient to prevent judgment.     But if not deficient in either of these respects, and on its face fairly setting forth a prima facie defense, it is not to be subjected to close technical examination as if it was a special plea demurred to.     Its office is to prevent a summary judgment and for that purpose a showing of a defense, with certainty to a common intent, is sufficient:" Andrews v. Blue Ridge Packing Co., 206 Pa. 370.     The general doctrine thus restated has been recognized in numerous cases by the Supreme Court and by this court, some of them very recent, and it is pertinent here.     The principle enunciated in Griffith v. Sitgreaves, 2 W. N. C. 707.; s. c., 81* Pa. 378—that the act allowing an appeal from a refusal of judgment for want of a sufficient affidavit of defense was intended to reach only clear cases of error of law, so as to prevent the delay of a trial, and that in doubtful cases, especially those requiring a broad inquiry into the facts, where the court refuses judgment, the matter in controversy should go to the jury under proper instructions from the court—is also pertinent.     It has been reiterated in cases too numerous to cite, and was restated in the very recent case of Marquis v. McKay, 216 Pa. 307.     The manner in which the amount of set-off is stated in the affidavit of defense before us is open to criticism.     The exact amount ought to have been stated, unless for reasons shown this was impossible.     But the defect, we think, in this particular is not such as to require a reversal of the order, in view of the fact that the amount is positively asserted to be greater than the balance of the claim for which judgment had not been taken before the present rule to show cause was obtained.     Viewing the affidavit of defense in the light of the rules above stated, we cannot say that there was error in refusing summary judgment for the part of the claim in dispute.

The appeal is dismissed at the costs of the plaintiff, but without prejudice to its right to trial by jury, and a second appeal after final judgment.