# Willys-Overland, Inc., Appellant, *v.* Stry.

*Replevin—Practice—Practice Act of 1915, P. L. 483—Affidavit of defense.*

The provisions of the Practice Act of 1915, P. L. 483, do not apply to actions of replevin. The procedure in such case is governed by the Replevin Act of April 19, 1901, P. L. 88. There is no provision in the latter act, such as is contained in the Practice Act of 1915, that every allegation of fact in the plaintiff's statement of claim, if not denied specifically or by necessary implication in the affidavit of defense, shall be taken to be admitted.

In an action of replevin, an affidavit of defense is sufficient which specifically denies the title of the plaintiff and alleges that defendant bought the article in dispute from one in possession under a claim of ownership not shown to have been derived from the plaintiff. If there is any doubt of plaintiff's right to recover under the statement and affidavit of defense that doubt must be resolved in favor of a jury trial. This is especially the case with respect to replevin actions, where *no contractual relation existed between the*

plaintiff and defendant and the latter was not in a position to have accurate knowledge of the former's alleged ownership. A defendant in possession of an article should not be summarily deprived of his possession and ownership without a jury trial, where in his affidavit of defense, he shows that he purchased the article in good faith, for value and without notice of plaintiff's claim of title from a person of good repute and in possession, under a claim of ownership not shown to have been derived from the plaintiff.

Argued March 7, 1921. Appeal, No. 13, March T., 1921, by plaintiff from judgment of C. P. Luzerne County, Oct. T., 1919, No. 392, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Willys-Overland, Inc., assigned to Continental Guaranty Corporation, v. Fritz Stry. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Replevin for motor truck. Before STRAUSS, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*Frank P. Slattery,* for appellant.—The affidavit of defense was insufficient: Friedburg et al. v. Seeherman, 27 D. R. 972; Painter v. Snyder, 22 Pa. Superior Ct. 603; Leckey v. McDermott's Administrator, 8 S. & R. 500; Heisley v. Economy Tool Mfg. Co., 33 Pa. Superior Ct. 218; Crist v. Kleber, 79 Pa. 290; National Cash Register Co. v. Cochrane, 22 Pa. Superior Ct. 582; Lamb v. Leader, 6 Pa. Superior Ct. 50; Miller Piano Co. v. Parker, 155 Pa. 208; Lewis v. Branning, 13 Luz. Leg. Reg. 9.

*B. R. Jones,* for appellee, cited: Carnell v. Gorson, 25 D. R. 189; Lehman v. Gill, 19 Lanc. Law Rev. 279; Fox

v. Magaw, 12 D. R. 53; Penna. Light Co. v. Gordon, 18
Montg. 189; Marks v. Platt, 9 Del. 365.

OPINION BY KELLER, J., April 18, 1921:

This is an action of replevin. The Practice Act of
1915, (May 14, 1915, P. L. 483), therefore, does not ap-
ply. It is governed by the Replevin Act of April 19,
1901, P. L. 88. There is no provision in the latter act,
such as is contained in the Practice Act of 1915, that
every allegation of fact in the plaintiff's statement of
claim, if not denied specifically or by necessary impli-
cation in the affidavit of defense, shall be taken to be ad-
mitted. Accordingly decisions based upon that provi-
sion in the Act of 1915, such as Eberbach v. Clyde Steam-
ship Co., 74 Pa. Superior Ct. 79, do not apply here.

There was consequently no admission by the defend-
ant in the present case that the plaintiff had ever leased
the automobile in suit to Seibel Brothers in New Jersey,
or delivered it to Seibel Brothers by virtue of such lease.
As to all such averments in the plaintiff's statement the
defendant replied that he had no knowledge or notice
thereof and if material required proof of the same. He
specifically denied, however, the plaintiff's averments
that the car of which he was in possession had been
stolen by said Seibel Brothers from the plaintiff and that
the title, right of property and right of possession in
said car was and still is in the plaintiff and averred on
the contrary that he had purchased the car on or about
January 29, 1919, from Morris Mann, in the Borough
of Nanticoke and paid therefor the sum of $865 and
that said Mann was then the owner of said car and had
the right to sell the same and that plaintiff did not on
said date have any right, title, or interest whatever in
said car.

We think this sufficiently complies with the require-
ments of the Act of 1901, that the affidavit of defense
shall set up the facts denying plaintiff's title and show-
ing his own title to the said goods and chattels.

The plaintiff did not trace the possession of the car under its bailment to Morris Mann, from whom defendant derived his title. In that respect the case differs from Barnett v. Fein, 41 Pa. Superior Ct. 423. And there was a clear averment of title in Mann, which was lacking in the case of Heisley v. Economy Tool Mfg. Co., 33 Pa. Superior Ct. 218. Even though Seibel Brothers may have leased the car from the plaintiff, Mann or some predecessor in title may have acquired a good title, as by sale on a distress for rent, or by purchase from one having even a superior title to the plaintiff.

While it is true that an affidavit of defense is to be taken most strongly against the defendant, for it is to be presumed that he has made it as favorable to himself as his conscience will allow: Baker v. Tustin, 245 Pa. 499; yet if on consideration of the affidavit so construed there is any doubt of the plaintiff's right to recover under the pleadings, that doubt must be resolved in favor of a jury trial of the issues involved: Wilson v. Bryn Mawr Trust Co., 225 Pa. 143. This is especially the case with respect to affidavits of defense in replevin actions, where, as here, there was no contractual relation between the plaintiff and defendant and the latter was not in a position to have accurate knowledge of the former's alleged ownership. A defendant in possession of an article should not be summarily deprived of his possession and ownership without a jury trial where in his affidavit of defense he shows that he purchased the article in good faith, for value and without notice of plaintiff's claim of title from a person of good repute and in possession under a claim of ownership not shown to have been derived from the plaintiff. The bond furnishes full protection pending the trial.

The order of the court below is affirmed.