# Commonwealth Finance Corporation, Appellant, *v.* Kramer.

*Replevin—Affidavit of defense—Act of April 19, 1901, P. L. 88—Practice, C. P.—Act of May 14, 1915, P. L. 483.*

1. The Practice Act of May 14, 1915, P. L. 483, does not apply to a proceeding in replevin under the Act of April 19, 1901, P. L. 88.

2. An affidavit of defense in suit in replevin for an automobile, is sufficient which avers that defendant purchased the automobile for a valuable consideration from a person named, who at the time was in possession of the property and invested with full indicia of ownership, without there being anything to indicate or convey notice of a secret lien or equity of any other person.

Argued March 6, 1922. Appeal, No. 118, Jan. T., 1921, by plaintiff, from order of C. P. Northampton Co., April T., 1920, No. 47, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Commonwealth Finance Corporation v. L. Kramer. Before

FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Replevin for an automobile.

Rule for judgment for want of a sufficient affidavit of defense.   Before McKEEN, J.

The opinion of the Supreme Court states the facts.

Rule discharged.   Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting it.

*A. E. Hurshman,* with him *Albert F. Kahn,* for appellant.

*Calvin F. Smith,* of *Smith, Paff & Laub,* for appellee.

PER CURIAM, March 27, 1922:

Plaintiff's action of replevin was to recover possession of a Wescott automobile which it alleges it owned and placed with the Stability Motors Company for storage. Defendant filed a claim property bond and also an affidavit of defense.   Plaintiff thereupon ruled defendant to show cause why judgment should not be entered for want of a sufficient affidavit of defense, which rule was discharged by the court below and plaintiff appealed.

The Practice Act of May 14, 1915, P. L. 483, does not apply.   The proceeding being replevin, the Act of April 19, 1901, P. L. 88, governs.   The affidavit of defense avers that defendant purchased the automobile for a valuable consideration from a person named, who at the time was in possession of the property and invested with full indicia of ownership, there being nothing to indicate or convey notice of a secret lien or equity of any other person.   "A defendant in possession of an article should not be summarily deprived of his possession and ownership without a jury trial where in his affidavit of defense he shows that he purchased the article in good faith, for value and without notice of plaintiff's claim of title from

a person of good repute and in possession under a claim of ownership not shown to have been derived from the plaintiff": Willys-Overland\Inc. v. Stry, 76 Pa. Superior Ct. 315, 318. The allegations contained in the affidavit of defense are sufficient to take the case to the jury and the court was not in error in discharging the rule. Plaintiff is fully protected by the bond, pending trial.

Judgment affirmed.