## Tishman Realty & Const. Co. to Use, Appellant, v. Vickerman.

Argued October 18, 1933.

Before TREX-
LER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and JAMES, JJ.

*Harry Fischer* of *Illoway & Fischer*, for appellant,

*E. Clinton Rhoads,* and with him *Joseph H. Kifer* and *Harold S. Shertz,* for appellee.

OPINION BY JAMES, J., April 16, 1934:

This is an appeal by the plaintiff from the refusal of the court below to enter judgment for want of a sufficient affidavit of defense in an action of assumpsit to recover arrearages in rent.

The statement of claim averred that on June 12, 1929, the legal plaintiff leased an apartment in the City of New York to Helen R. Vickerman for a term of four years from the 1st day of October, 1929, for the total rental of $3,200 per annum, payable in equal monthly instalments; that on July 8, 1929, the legal plaintiff entered into a further lease agreement with the said Helen R. Vickerman for a maid's apartment in the same building for a period of four years from the 1st day of October, 1929, at the rate of $300 per annum, payable in equal monthly instalments, and that her husband, Harry N. Vickerman, defendant herein, executed an agreement designated as a guaranty clause, which forms a part of each of the leases executed by Mrs. Vickerman, in which agreement the defendant agreed that in event of the default on the part of the lessee, he would pay the rent. These averments were admitted in the affidavit of defense. The statement of claim further averred that some time during the month of June, 1932, the defendant removed from the premises and vacated the same, by reason of which the landlord exercised his option to demand the balance of the rent for the remainder of the term; that thereupon the premises were sublet to one Ramon F. Cuyugan for a term commencing the 1st day of August, 1932 and ending September 30, 1933, at the rate of $150 per month and that the amounts received from the rentals had been credited to the account of the defendant. Defendant denies that

Helen R. Vickerman removed from said premises or vacated them and on the contrary avers that on the 22nd day of June, 1932, with the approval of the plaintiff, Harry N. Vickerman entered into a lease with Ramon F. Cuyugan, which lease was attached to the affidavit of defense, for the furnished apartment at the rate of $150 per month and the rent to be received was to be paid to plaintiff on account of the lessee and the rent has been so paid; that all of the furniture which was on the premises and was the property of the defendant or his wife remained and still remains upon the premises. Defendant admits that there was a balance of $200 due for the month of July, 1932, but denies that the rent which would become due under said leases as of July 1, August 1, and September 1, 1933 was due at the time this suit was brought. In addition, defendant averred that no credit had been given in plaintiff's statement for the sum of $300, of which $100 was paid on January 8th, $100 on February 25th, and $100 on March 25, 1931, on account of the lease.

Under the head of New Matter, deponent averred that the contracts set forth in plaintiff's statement of claim were executed in the State of New York and that the clause at the end of the leases set forth in plaintiff's statement are referred to in said statement in paragraphs three and four as guarantees and that deponent is advised, believes and therefore avers that no right of action, under the laws of the State of New York, exists against deponent in this case until plaintiff has exhausted its remedies against the principal debtor in the said leases, Helen R. Vickerman, to which New Matter no reply was filed by the plaintiff.

Plaintiff's claim consists of the rental of $291.67 per month for the fourteen months from August 1, 1932 to October 1, 1933, less a credit of $150 per month

paid by the sub-tenant for the fourteen months period, or the sum of $1,983.38, together with the sum of $200, the balance of the rent due for July, 1932, making a total of $2,183.38, for which amount judgment was sought.

In passing upon the questions involved, the rule is that, "On an appeal by plaintiff from an order refusing judgment for want of a sufficient affidavit of defense, the order will not be reversed unless the action of the court below is based on plain error of law, and the right of the plaintiff is clear, assuming the facts set forth by defendant to be true": Smith v. Brockway Motor Truck Corp., 302 Pa. 217, 153 A. 333.

"Where a substantial doubt exists as to whether or not a summary judgment should be entered, it should always be resolved in favor of refusing to enter it. This principle applies in determining whether or not a judgment should be entered because of an alleged insufficiency in an affidavit of defense, and, upon an appeal from such a judgment, it should be reversed if a substantial doubt exists as to the propriety of its entry. Under such circumstances, the parties should be remitted to a trial to establish the facts on which they rely for their recovery or defense": Gordon, Secretary of Banking, v. Continental Cas. Co., 311 Pa. 109, 166 A. 557.

Under the rule granted judgment was claimed for the entire sum sued for. The affidavit of defense denies specifically that the tenant had removed from and vacated the apartment and avers that the subletting was done with the approval of the lessor. Therefore, plaintiff was unjustified in exercising his option to recover the balance of the rent for the remainder of the term which would cover the period from July 1, 1933 to October 1, 1933. Further, defendant specifically avers that plaintiff has failed to

give credit for the sum of $300 paid during the year 1931. As to these items, clearly, plaintiff was not entitled to judgment.

The main question raised by appellant is that the averment under the head of New Matter "that no right of action under the laws of the State of New York exists in the case until plaintiff has exhausted its remedies against the principal debtor" was not sufficiently averred. The guaranty clause of the lease would undoubtedly, if construed according to the laws of the forum, be held to be a contract of suretyship as the Act of July 24, 1913, P. L. 971 (8 PS 1) provides: "Every written agreement hereafter made by one person to answer for the default of another shall subject such person to the liabilities of suretyship, ...... unless such agreement shall contain in substance the words: 'This is not intended to be a contract of suretyship.' " However, it is specifically averred that no right of action, under the laws of the State of New York, exists against deponent until plaintiff has exhausted its remedies against the principal debtor, Helen R. Vickerman.

The question as stated by appellant is, therefore, whether the affidavit of defense has sufficiently pleaded the difference in law so as to avoid the effect of the decisions and statute before mentioned. Appellant relies upon the case of Bank of America National Trust & Savings Assn. v. Sunseri et al., 311 Pa. 114, 166 A. 573, wherein it was held that an affidavit of defense which averred "that the Statutory Law of California and the construction put thereon by the Supreme Court of California ...... relieves the defendants from liability" but failed to give a reference to the place in the pamphlet laws and the language of the statute quoted and the decision of the court interpreting the particular statute, was insufficient. Mr. Justice Simpson, speaking for the court, said at p. 119, "These two

matters being capable of exact determination, the opinions even of lawyers regarding them is inadmissible. If the subject had related to the common law of the state, not to be found in its pamphlet laws, a statement to that effect might let in the opinions of lawyers of that state, but here the averments relate to the 'Statutory Law of California,' and the Supreme Court's construction thereof, and to them only.''

Appellant concedes that the State of New York does not have a statute covering the question of guaranty but contends that the settled law in New York is that a suit may be instituted against a *guarantor of payment* without first exhausting the remedies available against the principal and cites as authority and as the leading case, Consolidated Steel Corp. v. Pressed Steel Car Co. (1922), 118 Misc. 480, 194 N. Y. S. 649, affd. 205 App. Div. 840, 197 N. Y. S. 905. An examination of that case discloses that under the laws of the State of New York there are two forms of guaranties, a guaranty of payment and a guaranty of collection. Whether the present guaranty is one of payment or one of collection depends entirely upon the interpretation which the courts of that state have given to such a guaranty as we find in the present case. In relying upon the law of a foreign state, we do not believe it necessary that the affidavit of defense should submit a brief of the authorities of the foreign state, particularly where the question is not determined by a statute and a direct interpretation by its highest court as averred in the Bank of America National Trust & Savings Assn. v. Sunseri et al., supra. An examination of the authorities of the State of New York persuades us that the character of guaranty of the defendant is not free from doubt and should be proven like any other fact in the case.

''The laws of another state of the Union are to be proved as those of a foreign country. . . . . . . The time

and place for the introduction of such evidence in a case like the one before us is on the trial of it." Musser v. Stauffer, 178 Pa. 99, 105, 35 A. 709; General Motors Acceptance Corp. v. Foley, 311 Pa. 477, 166 A. 909.

For these reasons, we are convinced that the court was justified in refusing judgment.

Order affirmed.