Russ Soda Fountain Co., Inc., Appellant, *v.*
Victor Pastry Shoppe, Inc. et al.

Argued November 11, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*Joseph A. Keough,* with him *Levi, Mandel & Miller,* for appellant.

*Maxwell Pestcoe,* with him *Herman Toll* and *Meyer Love,* for appellee.

454

OPINION BY KELLER, P. J., February 26, 1937:

The plaintiff has appealed from an order of the Municipal Court refusing judgment for want of a sufficient affidavit of defense in an action of replevin. It is the established rule that an order refusing summary judgment for want of a sufficient affidavit of defense will not be reversed on appeal unless the plaintiff's right to judgment is clear and free from doubt: *Kaster v. Penna. Fuel Supply Co.*, 300 Pa. 52, 150 A. 153; *Peabody v. Carr*, 316 Pa. 413, 175 A. 378. Where a substantial doubt exists as to whether or not a summary judgment should be entered, it should always be resolved by refusing to enter it: *Gordon, Secy. v. Continental Casualty Co.*, 311 Pa. 109, 166 A. 557; *Tishman Realty & Const. Co. v. Vickerman*, 112 Pa. Superior Ct. 540, 172 A. 9. The Act of April 18, 1874, P. L. 64, authorizing an appeal from the refusal of judgment for want of a sufficient affidavit of defense, was intended to reach only clear cases of error of law, so as to avoid the delay of a trial, and in doubtful cases, and especially those requiring a broad inquiry into the facts, the case should go to a jury: *Joseph Schlitz Brewing Co. v. Rosenbluth*, 33 Pa. Superior Ct. 303; *Marquis v. McKay*, 216 Pa. 307, 65 A. 678. Judged by this standard, we are all of opinion that the order should be affirmed.

The plaintiff, on June 19, 1933, brought this action in replevin against Victor Pastry Shoppe, Inc. to recover a soda fountain, valued by it at $800. The praecipe and the writ did not identify the fountain by manufacturer or number. The plaintiff's bond was defectively executed on behalf of the principal. The fountain was found in the possession of Arthur Bleiweiss, who was added as a defendant, filed a counter-bond and kept the fountain. The defendant, Victor Pastry Shoppe, Inc., was not served by the sheriff and, as to it, a return of 'nihil habet' was made. The action

was litigated between the plaintiff and the added defendant, Bleiweiss, whom we shall hereafter refer to as the defendant.

The plaintiff, in due course, filed a declaration or statement of demand, to which defendant filed a demurrer. Then plaintiff filed an amended statement, to which defendant filed an affidavit of defense. Plaintiff then filed a second amended statement, to which defendant filed an affidavit of defense. Plaintiff did not object to the sufficiency of either of these affidavits of defense but set the case down for trial before a jury, and on January 13, 1936 it was brought to trial. During the trial plaintiff asked leave to file a third amended statement (Statement No. 4); a juror was withdrawn and the case continued. The third amended statement was filed on April 1, 1936, to which defendant filed an affidavit of defense on April 13, 1936 and a demand for a jury trial. On April 25, 1936 plaintiff entered a rule on defendant for judgment for want of a sufficient affidavit of defense to its fourth statement. From the order of the court, entered June 25, 1936, discharging this rule this appeal was taken. It is proper to add that on March 18, 1935, the defendant obtained a rule to show cause why the writ of replevin should not be quashed because of the principal's defective execution of the replevin bond. The court permitted the bond to be corrected by a proper execution by the plaintiff, and discharged the rule to quash.

The fourth (third amended) statement filed by plaintiff averred the manufacture of the fountain in suit by the Russ Manufacturing Company and its conditional sale to Royal Pastry Shop, Inc., of Trenton, N. J., on January 2, 1931, and the filing of the conditional sale contract in the office of the Clerk of Mercer County, New Jersey. It averred certain distress proceedings brought by the receiver of Fidelity Union Title

& Trust Mortgage Guarantee Company, the landlord of said vendee, and a seizure thereunder of the fountain; a writ of replevin by the vendor and a judgment therein in favor of The Russ Manufacturing Company; that on or about June 21, 1932 The Russ Manufacturing Company assigned, transferred and set over unto this plaintiff all of its right, title and interest in and to said fountain, but did not aver whether the assignment was oral or in writing; that on July 1, 1932 plaintiff, being then the owner of said fountain entered into a conditional sale contract for the same to Victor Pastry Shoppe, Inc., and delivered the fountain to said vendee at Trenton, New Jersey; that on July 11, 1932 this conditional sales contract was filed of record in the office of the Clerk of Mercer County, New Jersey, and indexed in Vol. 1, p. 185, under Conditional Sales Respecting Real Estate; that Victor Pastry Shoppe, Inc. defaulted in the terms and conditions of the conditional sale contract and paid only $194 out of a consideration of $1154, leaving a balance due and owing of $960. It may be noted that in the copy of this conditional sales contract annexed to the statement, the vendor is named 'Russ Soda Fountain Company, *Successor* to The Russ Manufacturing Company' and by paragraph 21, the contract is made subject to acceptance by "The Russ Manufacturing Company at 5700 Walworth Ave., Cleveland, O.". The contract seems to have been accepted at Cleveland, Ohio, on July 1, 1932, by "Russ Soda Fountain Company, successor to The Russ Manufacturing Company". The contract contains no reference to any assignment from the latter. The statement further averred that on or about January 30, 1933, the Fidelity Union Title & Mortgage Guarantee. Co., landlord of the premises occupied by Victor Pastry Shoppe, Inc., distrained upon said fountain for rent in arrears and on February 14, 1933 by its bailiff and constable, Samuel Avery, sold the foun-

tain to one Paul Kutner; that said distraint and sale were without the knowledge or consent of the plaintiff, and under the law of New Jersey passed no title to the purchaser; that Kutner removed the said fountain from Trenton, N. J. to Philadelphia and on February 20, 1935 (sic) caused it to be sold by Kaskie & Quinn, auctioneers, to Bleiweiss, the defendant, who installed the same in his place of business at 27th and Reed Streets, Philadelphia; that on April 10, 1933 plaintiff first learned that said fountain had been removed to Philadelphia and installed in defendant's place of business and on April 15, 1933 it filed with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the sales contract with Victor Pastry Shoppe. The statement cited certain laws of New Jersey relative to conditional sales, and limiting a landlord's right of distraint for rent to the goods of the tenant on the premises, and claimed the right to the possession of the fountain in suit.

The affidavit of defense filed by Bleiweiss, the added defendant, to this fourth plaintiff's statement, averred, for the most part, that he had no knowledge of the facts averred in the corresponding paragraph of the statement, that after investigation he had been unable to ascertain the truth thereof and therefore demanded proof of the facts averred on the trial. As to some of the paragraphs, he averred that information as to the matters alleged was in the possession of the plaintiff and not accessible to the defendant; and he demanded proof at the trial that the fountain which plaintiff alleged to have sold by conditional sales contract to Victor Pastry Shoppe, Inc. was the same fountain found in defendant's possession. He denied that all the requirements relative to the filing and indexing of conditional sales contracts had been complied with by plaintiff; and pointed out that no assignment of the fountain by The Russ Manufacturing Company to

plaintiff, as alleged in the statement, had been attached to it. He averred that he "purchased the chattels replevied in this case from Kaskey & Quinn, Inc., who conduct an auction establishment at 525 Arch Street, Philadelphia, Pa., on February 20th, 1933. At the time of the purchase the defendant paid $300.00 consideration, and had no knowledge whatsoever, that there had been a constable's sale in New Jersey in which these chattels were involved, or that Paul Kutner or any other person removed said chattels to Philadelphia, but, on the contrary, defendant avers that he was an innocent purchaser for value without notice of any adverse title, and that the chattels were installed in his place of business pursuant to the purchase of the same as aforesaid."

Some of the averments in the plaintiff's statement, essential to a judgment in its favor, admittedly relate to alleged facts, the proof of which is under the exclusive control of the plaintiff. Others, such as levies and sales under distress proceedings, relate to nonjudicial matters in another State of which there is no court record and which it may not be reasonably possible for the defendant to prove or disprove. The court below applied the Act of July 12, 1935, P. L. 666, amending section 8 of the Practice Act of 1915, P. L. 483,[1] and held that the denials of the defendant were,

---

[1] "It shall not be sufficient for a defendant in his affidavit of defense to deny generally the allegations of the statement of claim, or for a plaintiff in his reply to deny generally the allegation of a set-off, counter-claim, or new matter; but each party shall answer specifically each allegation of fact of which he does not admit the truth, except as provided in sections seven and thirteen: Provided, however, That if either the defendant or the plaintiff has no knowledge, and after reasonable investigation is unable to ascertain, whether or not the facts alleged by the opposite party are true, or if means of proof of the facts alleged are under the exclusive control of the party making the allegation, it shall be a sufficient answer to allege that either or both such conditions

in consequence, sufficiently definite to require the plaintiff to prove the facts averred at a trial.

The plaintiff, while seeking to apply to the defendant all the provisions of the Practice Act of 1915 and its amendments requiring definiteness and precision in affidavits of defense which deny averments in a plaintiff's statement, as ruled in numerous decisions of the Supreme Court and this Court, insists that the Act of July 12, 1935, supra, in mitigation of the former strict rule, should not apply because we have held that the practice in replevin actions is governed by the Act of April 19, 1901, P. L. 88, and not by the Practice Act of 1915, supra, which is by its terms limited to actions of assumpsit and trespass in the common pleas (except actions for libel and slander), including appeals in such actions from subordinate courts (Act of April 14, 1921, P. L. 144). See *Willys-Overland, Inc. v. Stry,* 76 Pa. Superior Ct. 315, 317. But section 12 of the Replevin Act provides that the courts of common pleas may make general rules governing the proceedings under the act, not inconsistent therewith; and the Courts of Common Pleas of Philadelphia County have adopted certain rules, which, so far as not inconsistent with the act, have the force of law. See *Katz v. Wagoner,* 92 Pa. Superior Ct. 363. Rule 60 provides, "The affidavit of defense, when required, shall, as nearly as possible, conform to the provisions of the Practice Act. This rule applies to actions in assumpsit, trespass, replevin and proceedings on mech-

exist and to demand proof of such alleged facts by the opposite party. In no event shall either party be required to inquire of the opposite party as to alleged facts the proof of which is under the exclusive control of the opposite party, and in no event, shall the party demanding proof of such alleged facts be required to state, specifically or otherwise, or to prove what reasonable investigation he has made to obtain the information of which he alleges he has no knowledge; but his affidavit alone shall be deemed sufficient to support his allegation of reasonable investigation."

anics' claims". Rule 1 (Civil Division) of the Municipal Court provides, "Except as herein provided, the rules of practice and procedure of the Courts of Common Pleas of Philadelphia County shall govern"; and Rule 15A of the Municipal Court relating to Replevin provides: "In all actions of replevin ...... the declaration or statement of claim shall comply as nearly as possible, with the requisites of sections 5 and 9 of the Practice Act of 1915 as shall also the Affidavit of Defense in Replevin actions". The reasonable and fair interpretation of these rules is that in Philadelphia County, in so far as the provisions of the Practice Act of 1915 and its amendments are not in conflict or inconsistent with the Replevin Act of 1901, they will be considered as supplementing the latter. It was for this reason, and not by way of departure from our prior ruling on the subject, that in *Riccardi Motor Car Co. v. Weinstein,* 98 Pa. Superior Ct. 41, a Philadelphia case, we applied the Practice Act of 1915 to that action in replevin and held the affidavit of defense insufficient, because the *added defendant, Lahr, in setting up his title* to the automobile in suit, relied on the fact that a predecessor in title, Cohen, had bought the car from Weinstein, to whom the plaintiff, Riccardi Motor Car Co. had sold it under a conditional sales contract, which was not recorded within ten days after its execution; that Lahr had neglected to aver in that connection that Cohen had no notice of the conditional sales contract reserving title in the vendor, when he bought the car from Weinstein. Judge GAWTHROP, who wrote the opinion of this court, pointed out that if "Cohen had notice of the provision when he bought the automobile, it would not be void as to him, although the agreement was never filed anywhere."

There is nothing in that case which overrules or in any manner qualifies what we said in *Willys-Overland, Inc. v. Stry,* 76 Pa. Superior Ct. 315, 318. "A defendant

in possession of an article should not be summarily deprived of his possession and ownership without a jury trial where in his affidavit of defense he shows that he purchased the article in good faith, for value and without notice of plaintiff's claim of title from a person of good repute and in possession under a claim of ownership not shown to have been derived from the plaintiff. The bond furnishes full protection pending the trial." The Supreme Court cited this extract with approval in *Commonwealth Finance Corp. v. Kramer*, 273 Pa. 528, 529, 117 A. 195, preceding it with, "The affidavit of defense avers that defendant purchased the automobile for a valuable consideration from a person named, who at the time was in possession of the property and invested with full indicia of ownership, there being nothing to indicate or convey notice of a secret lien or equity of any other person," and following it with, "The allegations contained in the affidavit of defense are sufficient to take the case to the jury and the court was not in error in discharging the rule. Plaintiff is fully protected by the bond, pending trial." The Riccardi case only holds that if the defendant, in his chain of title, traces his ownership back to the plaintiff's vendee under a conditional sale and relies on some invalidity in the plaintiff's title following the sales contract, he must aver every fact necessary to support his claim of title. It would apply here if the *defendant* had traced his title back to Victor Pastry Shoppe, Inc. and based his claim of ownership on some invalidity or informality in recording the conditional sales contract. But the defendant in this case does not do that. He knows nothing about Victor Pastry Shoppe, Inc. and is not in a position to find out. For all that appears in this case that firm or company went out of business early in 1933. He knows nothing about Paul Kutner and does not trace his title to the fountain to him. Just as in the case of *Commonwealth Finance Corp. v. Kramer,* supra, he avers that

he purchased the soda fountain "for a valuable consideration from a person named, who at the time was in possession of the property and invested with full indicia of ownership, there being nothing to indicate or convey notice of a secret lien or equity of any other person." And the fact that the *plaintiff* attempts to trace the title to the fountain from defendant's vendor back through Kutner and a constable's sale for unpaid rent to Victor Pastry Shoppe, Inc. and thus back to itself, does not deprive the defendant of his right to have that title *proved* on the trial and not merely *averred* in the pleadings. It does the plaintiff no harm to ask him to prove what he avers to be true, whereas it may do great injustice to an innocent defendant who purchased the article for value from one in possession and invested with full indicia of ownership and without notice of any secret lien or equity in another, to compel him to disprove the other's title. It is only requiring the plaintiff, in these special circumstances, to prove on the trial what every plaintiff was obliged to prove in a replevin action before the Act of 1901 was passed. The strict requirements with reference to an affidavit of defense which grew out of contractual relations between a plaintiff and defendant, and therefore concerned matters which were within the knowledge of both contracting parties, should not be rigidly enforced against an innocent purchaser for value in a replevin action, who had no knowledge of plaintiff's alleged title or claim of ownership, did not deal with or purchase from the plaintiff's vendee, and paid a valuable consideration to one in possession and with full indicia of ownership and without any notice or knowledge of any secret lien or equity in another.

The unusual circumstances of this case lead us to discuss one more point, touched upon by the court below.

While it is true that under the Replevin Act of 1901 and the Practice Act of 1915 an affidavit of defense is

now a pleading, yet the real purpose of requiring a full disclosure of the facts constituting the defense is to prevent the unnecessary delay of a trial, where the defendant has no real defense to the plaintiff's claim or demand: *Kessler v. Perrong,* 22 Pa. Superior Ct. 578, 581; *Automobile Securities Co. v. Scungio,* 81 Pa. Superior Ct. 362. Hence it has been the settled practice with reference to affidavits of defense that any voluntary action by the plaintiff looking to putting the case to trial is a waiver of his right to ask for judgment for want of a sufficient affidavit of defense: *O'Neal v. Rupp,* 22 Pa. 395; *Duncan v. Bell et al.,* 28 Pa. 516, 519; *Lusk v. Garrett,* 6 W. & S. 89; *Hamer v. Humphreys,* 2 Miles 28; *Johnston v. Ballentine,* 1 W. N. C. 626; *Fuoss v. Schleines,* 15 W. N. C. 192. This was recognized by the Supreme Court as late as 1919, after the Practice Act of 1915 made affidavits of defense pleadings, in *Federal Sales Co. v. Farrell,* 264 Pa. 149, 152, 107 A. 668, where it said, speaking through Mr. Justice SIMPSON: "It is true we have always implied a waiver [of the plaintiff's right to ask for judgment for want of a sufficient affidavit of defense] from any voluntary action of plaintiff looking to putting a case at issue; but in order to have that effect the action must be voluntary." Hence the filing of a plaintiff's reply *required* by the Practice Act as amended was held not to operate as a waiver. So, also, in *Horner v. Horner,* 145 Pa. 258, 265, 23 A. 441, the notice to plead was compulsory and did not operate as a waiver or estoppel. On the same principle, after an affidavit of defense had been filed on the merits the defendant was not permitted to demur to the plaintiff's statement: *Heller v. Royal Ins. Co.,* 151 Pa. 101, 105, 25 A. 83, nor may he file an affidavit raising a question of law, in lieu of demurrer, under section 20 of the Practice Act of 1915, after filing an affidavit of defense on the merits. See also *Rome Sales & Service Station v. Finch,* 120 Pa. Superior Ct. 402, 405, 183 A 54.

In the present case the plaintiff filed three declarations or statements of demand, to which defendant filed affidavits of defense. Plaintiff entered no rule for judgment for want of a sufficient affidavit of defense to any of them, but asked to have the case specially listed for trial before a jury, and actually proceeded to trial. We are of opinion that this operated as a waiver of his right to rule for judgment for want of a sufficient affidavit of defense. And the fact that the case did not go to the jury but a juror was withdrawn, on plaintiff's request to file a fourth statement, did not revive that right or justify his moving for judgment for want of a sufficient affidavit of defense to that fourth statement. The only purpose of an affidavit of defense at that late day was to fix the issues to be tried and determine what averments in the statement were admitted without proof. It is nearly four years since this action was brought. Three years were consumed in getting the case ready for trial and the issues to be tried clearly determined. Then, when all was ready for trial and trial had, in fact, been started, the forum selected was abandoned and an attempt was made to have the complicated issues above outlined, which call for a full and broad inquiry into the facts, determined as matter of law by the court. The case could have been tried and finally disposed of long before the appeal to this court was argued. We shall not encourage delays in other cases by permitting the course here adopted to become general.

We have gone thus fully into the matter of procedure to clear up what appeared to some attorneys to be inconsistencies in our opinions. As the case will go back for a trial we shall not discuss the merits or the legal principles applicable to the facts if proved. The recent decisions in *York Ice Machinery Corp. v. Robbins,* 323 Pa. 369, 185 A. 626, and *Susquehanna County Auditors' Report, Daugherty's Appeal,* 123 Pa. Superior Ct. 195,

187 A. 78, support the action of the court below in refusing to quash the writ two years after defendant filed his counter bond and defended on the merits.

Order affirmed.