## Nochumson v. Garland

*Bennett & Bricklin* and *G. P. Armour*, for plaintiff.

JONES, J., February 16, 1951.—This is an action in trespass wherein the plaintiff seeks to recover damages for injury to his property by the alleged negligence of the defendant.

Plaintiff's complaint in trespass was filed August 22, 1949. Endorsed upon said complaint was a notice

to plead prescribed by Pa. R. C. P. Nos. 1025, 1026, 1361 and a waiver of jury trial.[1] Service of the complaint was made August 25, 1949. October 18, 1949, at which time no appearance had been entered or pleading to the complaint filed for or on behalf of the defendant, counsel for the plaintiff filed with the clerk of the court an order [2] which reads as follows:

"To the Trial Commissioner:

"SIR: Place the above case on list for trial without jury. Action in Trespass.

The above case is at issue between the parties as set forth above."

Thereafter the case was listed for trial Wednesday, November 15, 1950, in Room 234 City Hall. Notice of the listing was given to the parties by mail three weeks prior thereto in accordance with the practice of the court and was published in The Legal Intelligencer on the Friday preceding such date.[3]

November 14, 1950 counsel for the plaintiff filed with the clerk of the court an "Order for Judgment" whereby the clerk was ordered to enter judgment for the plaintiff and against the defendant "for want of an appearance". The clerk of the court in compliance therewith upon the same date, November 14, 1950, entered judgment for the plaintiff and against the defendant "for

---

[1] Act of July 12, 1913, P. L. 711, as amended by the Act of June 20, 1919, P. L. 515, 17 P.S. 695.

[2] M.C.R.C.P. No. "23. ......................................

"When a case is at issue it may be immediately ordered upon the trial calendar by either party filing a written order therefor, with the name and address of both counsel or parties endorsed. Thereon must be endorsed whether or not jury trial has been demanded."

[3] M.C.R.C.P. No. "24. ......................................

"The trial calendar shall be prepared in advance and published in *The Legal Intelligencer* on the Friday preceding the week fixed for trial."

want of an appearance." The action was not listed for trial to assess damages.

November 15, 1950 the case was called for trial. Counsel appeared for the plaintiff. The defendant did not appear in person or by counsel. Counsel for the plaintiff proceeded to present evidence to assess the damages, contending that judgment was entered against the defendant under authority of Pa. R. C. P. No. 1047 and therefore he was entitled to do so at trial. After the presentation of evidence the trial was continued to a later date for the presentation of additional evidence to assess damages and thereafter trial was concluded. The trial judge made no finding, having raised the question of the validity of the judgment entered November 14, 1950 under Pa. R. C. P. No. 1047 [4] and the consequent lack of jurisdiction in the court to conduct a trial to assess damages under said rule of civil procedure. That the question of jurisdiction may be raised at any time in the course of a trial or at its close calls for no discussion.

The jurisdiction of the trial court to conduct a trial to assess damages in a trespass action is founded upon the validity of the judgment entered for want of an appearance or a pleading to the complaint under Pa. R. C. P. No. 1047. Such judgment may be entered by the prothonotary, who is the clerk of the court, only upon the filing of a praecipe by the plaintiff as provided by the rule. The praecipe is the conditio sine qua non, the prerequisite, to the authority of the clerk to enter such judgment. If the plaintiff was without the right to file such praecipe upon November 14, 1950,

---

[4] Pa. R. C. P. No. 1047. "The prothonotary on præcipe of the plaintiff, shall enter judgment against a defendant by whom no appearance or pleading to the complaint is filed. In this case, the damages shall be assessed at a trial at which the issues shall be limited to the amount of the damages."

the clerk of the court was without authority to enter such judgment and, as a consequence, there was no jurisdiction in the court to conduct a trial to assess damages under authority of the said rule of civil procedure.

The primary question, therefore, is whether or not the plaintiff had the right to file the praecipe directing the clerk of the court to enter a judgment against the defendant for want of an appearance November 14, 1950 upon the record as it then appeared.

The action being in trespass, when the twenty-days' period from the date of the service of the complaint endorsed with notice to the defendant as provided by Pa. R. C. P. Nos. 1025, 1026 and 1361 elapsed (September 14, 1949) and no responsive pleading had been filed by or on behalf of the defendant as provided by Pa. R. C. P. No. 1045(b) the action was at issue, the defendant by such default having admitted "all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved." [5] Such admission is made irrespective of whether or not an appearance has been entered by or on behalf of the defendant. The action was then at issue under 1045(b) upon (1) the fact of negligence, (2) the fact of injury to the property of the plaintiff by reason of the acts of negligence averred in the complaint and (3) the fact of the amount of the damages, if any, arising from the negligence averred.

Upon such state of the record upon September 14, 1949 to and including October 18, 1949 the plaintiff had the choice (1) to file a praecipe directing the prothonotary (clerk of the court) to enter a default judgment against the defendant and to file an order to have

---

[5] See Pa. R.C.P. No. 1045(b).

the action listed for trial to assess damages as provided by Pa. R. C. P. No. 1047 or (2) to file an order with the clerk of the court to have the action listed for trial upon the issue raised under Pa. R. C. P. No. 1045(b). The plaintiff chose the latter. Averring the action to be at issue he filed the recited order upon October 18, 1949 to list the action "for trial without jury". This order was authorized by M. C. R. C. P. No. 23 [2] and was complied with by the clerk of the court. This election and act of the plaintiff was voluntary. The presence or absence of the defendant at the trial thus listed in no manner changes the issue, the material facts to be proved and the burden of proof which rests upon a plaintiff.

With the recited facts appearing of record in mind, turn now to a consideration of the question of the validity of the default judgment entered November 14, 1950. The position taken by counsel for the plaintiff resolves itself into an assertion that, despite the prior listing of the case for trial upon the issue raised under Pa. R. C. P. No. 1045(b), despite the notice thereof theretofore given to the parties, the plaintiff had the right under Pa. R. C. P. No. 1047 to file such praecipe and the clerk of the court had authority thereupon to enter the summary judgment for want of an appearance, and thereby convict the defendant of negligence and thus change the issue and listing of the action for trial theretofore made to that of a listing for "trial at which the issues shall be limited to the amount of the damages." This view of the law, in the opinion of the trial judge, is erroneous.

By listing the case for trial counsel for the plaintiff fixed the issue to be determined at trial as provided by Pa. R. C. P. No. 1045(b) and notice thereof having been given to the defendant the latter was informed of the fact that no judgment had been entered and that he or she would be called upon at trial to meet the issue

thus raised. How and by the exercise of what right can the plaintiff, ignoring his election, without leave of court and without notice to the defendant and opportunity to be heard, thereafter file a praecipe to enter a default judgment and thus change the issue as listed for trial upon the day theretofore fixed? Upon what principle of interpretation and construction can Pa. R. C. P. No. 1047 thus be made operative by the plaintiff upon the record as it then appeared, a record which he alone had made? [6]

The purpose of pleading is to put the parties at issue. If by the pleadings the parties are at issue upon material facts, trial is had to find the facts and the jury, the fact-finding body, upon finding the facts and applying the law to the facts as instructed by the trial judge render their verdict or the judge where trial is by a judge without a jury makes a finding which, if unobjected to, matures into a judgment. Now a trial is an examination of the facts. Trial is not had to determine law. The facts being admitted, the court, upon appropriate process by one or the other of the parties, applies the law to the facts and directs the entry of judgment. There being an issue of material fact, the goal of subsequent procedure is trial after listing and notice to the parties by the clerk of the court of the time and place of trial. This done, there can be no change in the issue as listed for trial at the instance of one party without leave of court after notice to the adverse party and opportunity for the latter to be heard.

A contrary conclusion runs counter to and is disruptive of the scheme of civil procedure intended and promulgated by the Supreme Court. The rules of civil procedure must be interpreted and construed each as a part of a harmonious whole. It is a principle embodied

---

[6] See Pa. R.C.P. Nos. 126-132.

in the scheme of civil procedure and expressed in Pa. R. C. P. No. 1033 that no pleading may be amended without filed consent of the adverse party except "by leave of court". "Leave of court" implies and necessitates a petition or a motion to bring the matter before the court, notice of which must be given to the adverse party and opportunity for the latter to be heard. Such is the practice. Assuredly the same procedure is required when a party desires to change an issue arising from pleading or pleadings filed in an action which such party upon his own order has had listed for trial. Any other construction of the rules of civil procedure will result in the absurdity that, although a plaintiff may not amend a pleading without leave of court, notice to the adverse party and hearing had, nevertheless he may, upon praecipe, direct the entry of a judgment summarily against a defendant by default under Pa. R. C. P. No. 1047 in an action which is not only at issue under Pa. R. C. P. No. 1045(b) but which, upon order of plaintiff's counsel, has been listed for trial upon such issue, of which listing notice has been given to the parties by the clerk of the court. Can Pa. R. C. P. No. 1047 be applied so as to produce such result? Would such construction be consonant with the logic of the scheme of civil procedure to effectuate which the rules were drafted and promulgated?

Questions similar to the question involved in the instant case were raised under the procedural statutes, the antecedents of the Pennsylvania Rules of Civil Procedure. The decisions in these cases are more than persuasive when considering questions arising under the said rules.

In Russ S. F. Co. v. Victor Pastry Shoppe, 125 Pa. Superior Ct. 452, the plaintiff appealed from the lower court's discharge of a rule for judgment for want of a sufficient affidavit of defense. The appellate court, re-

ferring to the Replevin Act of 1901 and the Practice Act of 1915, held that the plaintiff's listing of the case for trial was a voluntary act and operated as a waiver of his right to take thereafter a rule for judgment for want of a sufficient affidavit of defense.

The cited case and the instant case are parallel. The praecipe to enter judgment for want of an appearance under Pa. R. C. P. No. 1047 bears a like relation to a judgment entered thereunder as did the rule to enter judgment for want of a sufficient affidavit of defense to a judgment under the Practice Act of 1915. The resemblances are obvious. Was not the order of plaintiff's counsel filed October 18, 1949 "voluntary action by the plaintiff looking to putting the case to trial" as was the listing for trial in the cited case? Were not the parties in each at issue when the cases were listed for trial upon order of plaintiff's counsel? Was not the rule in the cited case taken and the praecipe in the instant case filed subsequent to the listing for trial and were they not similar procedural devices to secure the entry of a similar judgment upon similar grounds, to wit, default on the part of the defendant? The principle of law operative in the cited case is operative in the instant case. As in the one, so in the other was a waiver implied by the plaintiff's voluntary action, hence it is that the plaintiff's voluntary action in directing that the instant case be listed for trial was a waiver of his right to file thereafter a praecipe for a default judgment against the defendant under Pa. R. C. P. No. 1047.

To conclude:—The case being at issue and having been listed for trial, counsel for the plaintiff thereafter was without authority to file a praecipe on behalf of the plaintiff directing the entry of judgment against the defendant for want of an appearance under Pa. R. C. P. No. 1047 and therefore the clerk of the court was without authority to enter such judgment in com-

pliance with the praecipe. Hence it is that the judgment entered November 14, 1950 is void and should be stricken from the record. The judgment being void, the trial court was without jurisdiction to assess damages at a trial under said rule of civil procedure and therefore the trial was a nullity. Accordingly the following order is made:

### Order

AND NOW, to wit, February 16, 1951, the judgment entered by the clerk of the court for the plaintiff and against the defendant for want of an appearance by the defendant upon November 14, 1950 is stricken from the record and the trial begun November 15, 1950 as listed and ended December 6, 1950 is a nullity.