## Marshall v. H. E. Wagner Motor Sales Co.

Before McKenrick, P. J., Griffith and McDonald, JJ.

*Harry E. Simmons*, for plaintiff.

*Spence, Custer, Saylor & Wolfe*, for defendants.

PER CURIAM, December 4, 1959.—On June 26, 1958, plaintiff purchased an automobile from H. E. Wagner Motor Sales, one of the defendants, for the sum of $1,195. He alleges said automobile was warranted to be "in excellent mechanical condition and fit for the intended use of the plaintiff as a family car . . ." A certificate of insurance covering collision and upset was issued on said automobile by defendant, Universal Underwriters Insurance Company. On October 30, 1958, by reason of a "locked steering wheel mechanism, and jammed accelerator throttle," the automobile was involved in an accident and "damaged to the extent that it was declared, by the adjustor for the defendant, Universal Underwriters Insurance Company, to be a total loss."

After fruitless negotiations for settlement, plaintiff filed suit on January 30, 1959. On February 4th, defendants referred the case to counsel for defense. On February 16th, he asked plaintiff's counsel for addi-

tional time to file an answer. This was agreed upon, but no answer was filed. On June 5th, plaintiff's counsel wrote to defendants' counsel pointing out that his client believed there was unnecessary delay and, unless the matter was settled immediately, he would insist on a hearing. He also stated he would have been justified in taking judgment. On June 16th, he filed a praecipe to place the case on the arbitration list. On June 18th, before defendants' counsel knew of the aforesaid praecipe, he wrote and asked plaintiff's counsel if he had a specific proposal for settlement and, if not, the case should then be listed for arbitration. In this letter he also stated he would file an answer so that the case would be at issue before the board of arbitrators.

No appearance was filed on behalf of defendants. Therefore, the chairman of the board of arbitrators sent notice to defendants of hearing scheduled for July 22. Counsel for defendants did not receive the notice until several days before the hearing date. The hearing was continued by the chairman of the board of arbitrators because an answer had not been filed to the complaint and the matter was, therefore, not at issue. Notice of the continuance was apparently given orally to counsel for plaintiff, who on July 23, 1959, filed a praecipe directing the prothonotary to enter judgment for want of an answer under Pa. R. C. P. No. 1037. Notice of the judgment was given to counsel for defendants on July 29, 1959, and on July 30th, he filed a petition for rule to show cause why it should not be opened.

Defendants argue that, by placing the case on the arbitration list, plaintiff had waived his right to take judgment for failure to file an answer. Also, the action of plaintiff's attorney in advising that the case would be placed on the arbitration list if no settlement were made, induced the belief that such would be done and,

therefore, when judgment was taken "without warning" a month later, there was definite prejudice.

The question is whether under the above circumstances judgment should be opened and defendants be permitted to make a defense.

Petitions to open judgment entered by default are equitable in nature and addressed to the sound discretion of the court. Generally, the courts will open judgments so entered when an application is promptly made, a reasonable explanation or excuse for the default offered, and a defense shown on the merits. Brown & Bigelow, Inc., v. Borish, 165 Pa. Superior Ct. 308, 310; Oppenheimer v. Shapiro, 163 Pa. Superior Ct. 185, 188.

Here the petition to open judgment was promptly filed. However, in view of the stipulation filed at argument, which chronologically sets forth the action taken by counsel for both parties, we are not satisfied a reasonable excuse or explanation has been offered for defendants' failure to file an answer. After the initial letter of February 16th, requesting additional time to file an answer, nothing more was done by defendants' counsel until June 18th. On June 5th, plaintiff's counsel advised him that unless the matter was settled *immediately, he would insist upon a hearing.* Notwithstanding the urgency of this letter, nothing was done by counsel for defendants until June 18th, a period of nearly two weeks. We believe counsel for plaintiff was entirely justified, in view of this inaction, to place the case upon the arbitration list. He was also justified in relying on the statement in the letter of June 18th restating as he did on February 16th that an answer would be filed, so that the issue would be properly before the board of arbitrators. Notwithstanding this, however, no answer was filed and, as a result, the hearing before the board of arbitrators, which had been

scheduled for July 22nd, was continued by the chairman of the board.

Generally, voluntary action by plaintiff in putting a case on the trial list is a waiver of his right to ask for judgment for want of an answer: Russ Soda Fountain Co., Inc., v. Victor Pastry Shoppe, Inc., 125 Pa. Superior Ct. 452; Downes v. Hodin, 377 Pa. 208. In the case at bar, we feel it would be inequitable to enforce this rule since it was necessary to continue the arbitration hearing because of defendants' failure to file a responsive answer and thus bring the matter to issue. However, rather than breach the practice which is discussed in the above cases, we would be inclined to open the judgment and permit a defense if it were not for the fact that defendants have failed during the entire pendency of this matter to disclose a meritorious defense.

The only statement relating to the proposed defense of the petitioner is that found in paragraph 9 of the petition to open, in which it is stated "that the defendants have a just defense to the said claim in that they can prove that the damages to the said vehicle were less than the total sum of $1,195.00 claimed by the plaintiff." In trespass cases, it is not necessary in a petition to open judgment to require petitioner to show a defense on the merits where the equities are otherwise clear. However, in an assumpsit action, where an answer on the merits is necessary to put the case at issue, a copy of the proposed answer should be attached to the petition setting forth in full the averments upon which the defendants rely as a meritorious defense. In view of their failure to indicate the nature of the meritorious defense claimed even to this date, we do not believe the equities are such as to require this court to exercise its discretion and open the judgment.

Accordingly we make the following

*Order*

Now, December 4, 1959, after argument and consideration of briefs, it is hereby ordered and decreed that the rule to show cause why judgment entered against defendants should not be opened is dismissed.